332 So.2d 623 (1976)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Beverly ANDERSON, Deceased, by and through Her Administrator, Frank Anderson and Frank Anderson, Individually, Appellee.
Nos. 75-990 and 75-1209.
District Court of Appeal of Florida, Fourth District.
April 23, 1976.
Rehearing Denied June 2, 1976.
*624 Martin J. Sperry, Carey, Dwyer, Austin, Cole & Selwood, P.A., Fort Lauderdale, for appellant.
D. Fredrico Fazio and Malcolm S. Steinberg, Law Offices of Fazio & Dawson, Fort Lauderdale, for appellee.
DOWNEY, Judge.
Appellant State Farm Mutual Automobile Insurance Company issued two policies to appellee Frank Anderson providing uninsured motorist coverage for two separate motor vehicles. One policy contained limits of $10,000 for each person and $20,000 for each accident, while the other contained limits of $10,000 and $40,000.
In May 1974 while appellee Frank Anderson was operating one of said motor vehicles, he and his wife and son were involved in an accident with another automobile insured under a policy that had limits of $10,000 and $20,000. Appellee and his son were injured and appellee's wife was killed. We glean from the record, briefs, and oral argument that the other party is willing to pay its full limits.
Since the limits of appellee's policies exceed those of the tort-feasor, appellee demanded that appellant, as his insurer, submit to arbitration. Upon appellant's refusal appellee filed a complaint to compel arbitration pursuant to § 682.02 F.S. 1973. Issue was joined by appellant's answer, and the matter culminated in an order of April 8, 1975, which held, 1) appellant was required to submit to arbitration, and 2) pursuant to § 627.727(2)(b) F.S. 1973, appellees were entitled to "stack" the uninsured motorist coverage of both policies so that the coverage available to appellees is $20,000 and $60,000. The plenary appeal in #75-990 is to review the second part of that order.
The first question before us is whether § 627.727(2)(b) F.S. 1973, authorizes a person injured by an underinsured third party tort-feasor to "stack" multiple policies or coverages owned by him. We answer the question in the affirmative.
One who purchases uninsured motorist coverage for several vehicles is entitled to "stack" or add together the combined coverage of his policies in determining the amount of uninsured motorist coverage available to him when he has a claim arising out of an automobile accident with one who is uninsured. See Tucker v. Government Employees Insurance Co., Fla. 1974, 288 So.2d 238, which specifically approved Sellers v. Government Employees Insurance Co., Fla.App. 1968, 1 DCA, 214 So.2d 879. Appellant acknowledges the foregoing rule as it applies to uninsured motorist coverage provisions of § 627.727(2). However, appellant contends the coverage provided for in § 627.727(2)(b), euphemistically referred to as "underinsured motorist coverage," should be treated differently because when the Sellers case was decided the legislature had not provided for underinsured *625 motorist coverage. In addition, appellant contends that because § 627.727(2)(b) contains the language "subject to the terms and conditions of such coverage," an insured may stack multiple underinsured motorist coverages only if the policies involved expressly permit him to do so. But appellee aptly points out that when the Sellers case was decided, the predecessor or § 627.727(2), (§ 627.0851(2) F.S. 1967) also contained the clause "subject to the terms and conditions of such coverage," and the policies in question did not expressly provide for "stacking."
Suffice it to say that we see no reason to treat the two coverages differently. By definition underinsured motorist coverage is uninsured motorist coverage, § 627.727(2)(b). And all such coverage is obtained at the additional expense of the policy holder. Thus, the insured should have the benefit of all of the protection which he purchased.
We think the intent[1] of the legislature in adopting Section 4[2] of Chapter 73-180, Laws of Florida, was to prevent persons buying automobile insurance protection against personal injury caused by motorists who had no automobile liability coverage from losing that protection in the event the motorist inflicting injury has some liability insurance coverage but not enough coverage to adequately compensate the injured person.[3] If we adopted the position appellant urges, we would be defeating that legislative intent. Under appellant's position, a person who has sought to protect himself by obtaining additional uninsured motorist coverage would fare better to be injured by a motorist who has no liability coverage than by a motorist who has inadequate coverage. For example, under appellant's theory if a person who has three policies of $15,000 and $30,000 is injured by a motorist who has only $15,000 and $30,000 coverage, the injured person would have only $15,000 in protection, regardless of the extent of his injuries. Whereas, if that person had been injured by a motorist without insurance he would have been entitled to recover up to $45,000.
Appellant's second point is that even if it is proper to "stack" this type of coverage appellees are not entitled to any recovery against appellant because appellant is entitled to a set off of the tort-feasor's policy limits against each of the appellees' two policies. And since appellee has only minimum limits of $10,000 on each policy, the tort-feasor's minimum limits of $10,000 effectively nullify appellees' coverage. As appellant puts it: set off first and then stack. On the contrary, we believe stacking should come before any set off. This resolution of the second point fully honors the mandate of § 627.727(1) that the coverage in question shall be excess over but shall not duplicate the benefits available under the tort-feasor's automobile liability coverage.
After the entry of the April 8th order, the trial court, upon appropriate motion, entered an order awarding appellees attorney's fees and the costs of the § 682.02 proceeding. That order is the subject of an interlocutory appeal in #75-1209, which has been consolidated with the appeal in #75-990 for all appellate purposes.
Although the proceeding in the circuit court was the rather summary one authorized by § 682.03 F.S. 1973, we perceive no reason which precludes the application of § 627.428(1) F.S. 1973 to that proceeding. The latter statute authorizes the award of attorney's fees to an insured "[u]pon the rendition of a judgment or decree by any of the courts of this state *626 against an insurer and in favor of an insured ... under a policy or contract executed by the insurer, ... ." A claim under § 627.428(1) is of course not to be confused with a claim for attorney's fees by an insured for services rendered in the conduct of arbitration since such fees (absent an agreement to the contrary) are not recoverable. § 682.11, F.S. 1973. Since the final judgment in this case was in favor of the insured appellee and against the insurer appellant, the court properly awarded the appellee reasonable attorney's fees.
Accordingly, the orders appealed from in both the plenary and interlocutory appeal are affirmed.
CROSS, J., and FOGLE, HARRY W., Associate Judge, concur.
NOTES
[1] See the title to Chapter 73-180, which provides, among other things, that the act is to provide "that uninsured vehicle coverage shall also be underinsured vehicle coverage..."
[2] Codified as § 627.727(2)(b) F.S. 1973.
[3] The act is clearly designed to remedy the inequities inherent in such decisions as Continental Insurance Co. v. Wallace, Fla.App., 3 DCA 1970, 233 So.2d 195.