413 So.2d 1254 (1982)
Howard HEYMAN and Sue Heyman, His Wife, Appellants,
v.
Philip L. VONELLI D/B/a Vonelli Construction Company, Appellee.
No. 81-1336.
District Court of Appeal of Florida, Third District.
May 11, 1982.
Rehearing Denied June 9, 1982.
*1255 Pertnoy, Greenberg & Sobel and Stuart H. Sobel, Miami, for appellants.
Turner, Fascell & Russo and S. Alan Stanley, Coral Gables, for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This appeal challenges an Order on a Motion to Confirm Arbitration Award and Assess Attorney's Fees by which the trial court increased the amount of costs awarded in arbitration and assessed an attorney's fee. We reverse.
Appellant, Heyman, commenced these proceedings on a demand for arbitration alleging breach of a construction contract. Although the contract, prepared by Vonelli, provided that all disputes arising out of the contract or breach thereof would be decided by arbitration, Vonelli subsequently filed an action in the circuit court seeking to foreclose a mechanic's lien based on the same dispute which was the subject of Heyman's demand for arbitration. Heyman's motion to dismiss the trial court mechanic's lien action was initially denied but was granted by a third successor judge after several months of prosecution in the circuit court. No review of the order dismissing the circuit court action was sought by Vonelli, who then filed his reply to the demand for arbitration along with a counterclaim for lien foreclosure. The dispute was resolved by arbitration in Vonelli's favor and an order was entered assessing arbitration costs against Heyman in the amount of $1,372.16.
On Vonelli's motion to confirm the arbitration award the trial court entered its order confirming the award and further awarded attorney's fees of $7,500.00 and additional costs of $1,618.39 for fees and costs incurred in the circuit court litigation prior to its dismissal, including costs incurred in affirming the arbitration award.
Understandably, Vonelli would like to be recompensed for his expenses, costs, and attorney's fees incurred during the lengthy mechanic's lien proceedings in circuit court. However, the general rule in Florida is that attorney's fees cannot be taxed as costs in any cause unless authorized by contract or legislative authority. Condomo v. Emmanuel, 91 So.2d 653 (Fla. 1956); Beach Resorts International, Inc. v. Clarmac Marine Construction Co., 339 So.2d 689 (Fla.2d DCA 1976). The award the court was called upon to confirm by Vonelli was entered pursuant to the Arbitration Code, Chapter 682, Florida Statutes (1979). Upon application of appellee to confirm the arbitration award the trial court was without authority to vacate, modify, or correct the award except pursuant to Sections 682.13 and 682.14, Florida Statutes (1979) requiring a showing that it was procured by undue means or mistake. No such irregularity was alleged or proved. Moreover, Section 682.11, Florida Statutes (1979) governing fees and expenses of arbitration, specifically excludes counsel fees as recoverable costs.
Since Vonelli could not recover his attorney's fees and costs under the Arbitration Statute, he sought them under the Mechanic's Lien Statute while simultaneously asking the court to affirm the arbitration finding in his favor. His single argument in support of the award for additional fees and costs is that if the matter were properly one for arbitration, the initial trial judge should have made such a determination and not have allowed appellee to continue further with his mechanic's lien action. We reject the argument because just as the dispute could not have been litigated in two forums, an award for costs and fees could not have been based on proceedings in two forums. Vonelli makes no contention here that the circuit court erred in dismissing his complaint for mechanic's lien foreclosure which must be interpreted as an acquiescence to removal of the dispute into arbitration. Furthermore, Vonelli moved for the order confirming the arbitration award. A party who enters into a contract requiring arbitration may not file a complaint of foreclosure and demand an attorney's fee. Oakdale Park, Ltd. v. Byrd, 346 So.2d 648 (Fla.2d DCA 1977).
*1256 The order confirming the arbitration panel's award is affirmed, except as to that part of the award which grants attorney's fees and costs incurred in the Circuit Court litigation which is reversed, and the cause is remanded with instructions to assess and award only those court costs incurred pursuant to confirming the arbitration award.