455 So.2d 398 (1984)
Mary CUEVAS, Appellant,
v.
POTAMKIN DODGE, INC., a Florida Corporation, Appellee.
No. 83-2787.
District Court of Appeal of Florida, Third District.
July 10, 1984.
As Amended on Denial of Rehearing September 28, 1984.
*399 Alan R. Soven, North Miami, for appellant.
Heitner & Rosenfeld and Allan M. Stein, North Miami Beach, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and DANIEL S. PEARSON, JJ.
SCHWARTZ, Chief Judge.
After Ms. Cuevas discovered that the 1982 Charger she had purchased from Potamkin Dodge as a "demonstrator" had, among other things, been involved in a serious, but unrevealed accident and that its odometer had been turned back, she sued the dealer for compensatory and punitive damages in the Dade County Circuit Court. She asserted claims of fraud and misrepresentation, breach of contract, and violations of the Florida deceptive and unfair trade practices act (FDUFTPA), popularly known as the Little FTC Act, Sec. 501.201, et seq., Fla. Stat. (1981). In connection with that count, she specifically sought attorney's fees, as authorized by Sec. 501.2105(1-4).[1] Potamkin met the complaint with the contention that the entire matter was subject to the following provision of the "retail buyers order" for the Charger which had been executed by both parties:
12. Any controversy or claim arising out of, or relating to this agreement, or a breach thereof, shall be settled by arbitration under the laws of the State of Florida, in accordance with the rules then in force of the American Arbitration Association, and any judgment [sic] upon the award rendered may be entered in any court having jurisdiction thereof.[2]
In an order which Ms. Cuevas apparently did not and certainly does not challenge in any way,[3] the trial court accepted this position, and, as it were, referred the action to arbitration.
Ms. Cuevas then initiated that process by filing a complaint with the American Arbitration Association which, inter alia, demanded the damages sought in the circuit court complaint, which was attached, and separately reiterated the claim for attorney's fees under Sec. 501.2105. After hearing, the arbitrator, on August 10, 1983, entered an award requiring Potamkin to pay Cuevas
the sum of TWO THOUSAND DOLLARS AND NO CENTS ($2,000.00) in compensatory damages; THREE THOUSAND DOLLARS AND NO CENTS ($3,000.00) in punitive damage[s]; SIX HUNDRED DOLLARS AND NO CENTS ($600.00) for breach of contract, plus reasonable attorneys fees and costs.
On September 13, 1983, Ms. Cuevas moved in the circuit court to confirm the award and to assess her attorney's fees and costs. Before the motion could be heard, Potamkin paid the $5,600.00, leaving the attorney's fee issued in dispute. In the order now on review, the trial judge denied Ms. Cuevas' application which was for the fees earned by her counsel in the entire representation.
Notwithstanding that one of the underlying bases for the plaintiff's recovery was a claim under a statute which explicitly *400 provides for a fee award to the victorious side, we agree that no fees are available in the present circumstances, essentially because Ms. Cuevas' success was achieved, not as the statute says, "after judgment in the trial court," but through the arbitration process to which, it must be taken on this record,[4] she had voluntarily agreed. The conclusion is required, as the trial judge ruled, by what we regard as the controlling case of Beach Resorts International, Inc. v. Clarmac Marine Construction Co., 339 So.2d 689 (Fla. 2d DCA 1976). There, the court denied fees in a mechanics' lien foreclosure proceeding, although the applicable statute of course provides for them, on the ground that the claimant had, as here, won its case in arbitration. Both this court, and the first and fourth districts[5] have followed the holding of Beach Resorts and its dual rationale that the "nature" of such a recovery is in arbitration, rather than the litigation contemplated by the statute; and that therefore a party who enters into an arbitration agreement which does not itself provide for fees, which are excluded by the governing Florida arbitration code, Sec. 682.11, Fla. Stat. (1981),[6] may not become entitled to their recovery simply by filing a presumably unnecessary complaint in the circuit court. Heyman v. Vonelli, 413 So.2d 1254 (Fla. 3d DCA 1982); McDaniel v. Berhalter, 405 So.2d 1027 (Fla. 4th DCA 1981); Oakdale Park Ltd. v. Byrd, 346 So.2d 648 (Fla. 1st DCA 1977). As to the issue involved on this appeal  the entitlement to statutory fees when recovery is effected in arbitration  we are unable meaningfully to distinguish these cases from the present one.[7]
The appellant also suggests that Potamkin's failure to make application to set aside that portion of the arbitration award which purported specifically to assess a reasonable attorney's fee bars its later assertion to the contrary under Secs. 682.12 and 682.13(2), Fla. Stat. (1981). Since, however, as we have seen, the arbitrator lacked legal authority to make such an award in the first instance, see also, Loxahatchee River Environmental Control District v. Guy Villa & Sons, Inc., 371 So.2d 111 (Fla. 4th DCA 1979), cert. denied, 378 So.2d 346 (Fla. 1979), we reject that position on the authority of Meade v. Lumbermens Mutual Casualty Co., 423 So.2d 908 (Fla. 1982), overruling Travelers Inc. Co. v. Allen, 356 So.2d 1287 (Fla. 3d DCA 1978), cert. denied, *401 364 So.2d 893 (Fla. 1978), upon which Ms. Cuevas has almost exclusively relied.
Affirmed.[8]
NOTES
[1] 501.2105 Attorney's fees

(1) In any civil litigation resulting from a consumer transaction involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs from the non-prevailing party.
(2) The attorney for the prevailing party shall submit a sworn affidavit of his time spent on the case and his costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.
(3) The trial judge shall award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent on the case as sworn to in an affidavit.
(4) Any award of attorney's fees or costs shall become a part of the judgment and subject to execution as the law allows.
[2] See Vic Potamkin Chevrolet, Inc. v. Bloom, 386 So.2d 286 (Fla. 3d DCA 1980).
[3] See note 7, infra, and accompanying text.
[4] Id.
[5] We note also that Beach Resorts has become a leading case throughout the country on the issue. Floors, Inc. v. B.G. Danis of New England, Inc., 380 Mass. 91, 401 N.E.2d 839 (1979); Harris v. Dyer, 292 Or. 233, 637 P.2d 918 (1981); accord Bingham County Commission v. Interstate Electric Co., 105 Idaho 36, 665 P.2d 1046 (1983); cf. H.R.H. Prince Ltc. Faisal M. Saud v. Batson-Cook Co., 161 Ga. App. 219, 291 S.E.2d 249 (1982).
[6] "Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." [e.s.]
[7] Since the plaintiff has not challenged the arbitrability vel non of the entire controversy, see also Heyman v. Vonelli, 413 So.2d at 1255, we do not consider whether the Little FTC claim was not in fact properly submitted to arbitration either because (a) correctly interpreted as a contract of adhesion prepared by the car dealer (as opposed to the arms-length commercial transactions involved in the mechanics' lien cases), the arbitration clause in the "retail buyers order" should not be construed to include it, United States v. Seckinger, 397 U.S. 203, 208, 210, 90 S.Ct. 880, 884, 25 L.Ed.2d 224, 235 (1970); 3 A. Corbin on Contracts § 559 (Supp. 1984); Mike Bradford & Co., Inc. v. Gulf States Steel Co., Inc., 184 So.2d 911 (Fla. 3d DCA 1966), or (b) as a matter of policy, a statutory claim which involves a matter of public concern for the rights of the consumer (as perhaps opposed to the mechanics' lien law) may not be arbitrated no matter what the parties agree. See generally, Sabates v. International Medical Centers, Inc., 450 So.2d 514 (Fla. 3d DCA, 1984); Mike Bradford & Co., Inc. v. Gulf States Steel Co., supra. Nor, all the more obviously, assuming the FDUFTPA claim is non-arbitrable but the mere contract claim is, do we consider the relationship between the issues in the two proceedings or the order in which they should be tried. See Post Tensioned Engineering Corp. v. Fairway Plaza Associates, 412 So.2d 871 (Fla. 3d DCA 1982), rev. denied, 419 So.2d 1197 (Fla. 1982), appeal after remand, 429 So.2d 1212 (Fla. 3d DCA 1983).
[8] Ms. Cuevas has proceeded on an "all-or-nothing" basis both in the trial court and on appeal and had made no contention that she may be entitled only to that portion of the fees relating to her lawyer's attempt to enforce the award in the circuit court, as opposed to those involved in the arbitration process, cf. Heyman; Beach Resorts, supra. We thus have no occasion to decide her entitlement to those fees (and no factual basis upon which to make such a differentiation). 3 Fla.Jur.2d Appellate Review §§ 92, 199 (1978). It is to be noted, however, in opposition to any such claim, that, unlike the situation in Heyman, supra, Potamkin paid the award without the necessity of the entry of an order of confirmation under the arbitration code, and that there was therefore no equivalent to a "judgment in the trial court" as required as a precondition to fees under Sec. 501.2105(1) itself. See note 1, supra; Nolan v. Altman, 449 So.2d 898, 900-01 (Fla. 1st DCA 1984).