498 So.2d 547 (1986)
CONSOLIDATED LABOR UNION TRUST, Appellant,
v.
Angela CLARK, Appellee.
No. 85-2808.
District Court of Appeal of Florida, Third District.
November 25, 1986.
David S. Kaufman, Miami, for appellant.
Jeanne Heyward, Deutsch & Blumberg and Edward R. Blumberg, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
PEARSON, DANIEL S., Judge.
The issue presented by this appeal is whether a beneficiary of a medical payment reimbursement plan established under the Employee Retirement Income Security Act (ERISA) who is compelled by contract to arbitrate her claim for medical expense benefits is entitled to recover her attorney's fees after prevailing in the arbitration proceedings.
Angela Clark was the beneficiary of a medical reimbursement plan established under ERISA by Consolidated Labor Union Trust (the Trust). Clark's $5,000 claim was denied by the Trust, and, pursuant to a contract provision calling for arbitration of such disputes, the matter was sent to arbitration. The arbitrators awarded Clark the entirety of her claim, and when the Trust refused to pay the award, Clark sued in the circuit court to have the award confirmed and to recover, inter alia, the fees for her attorney's services in the arbitration proceedings. The trial court confirmed the arbitration award and granted Clark's request for attorney's fees incurred in arbitration, the amount of such fees to be determined at a later hearing. The Trust appeals the grant of attorney's fees.
Section 1132(g)(1) of ERISA provides that "[i]n any action under this subchapter ... by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132 (g)(1) (1982). The appellant Trust argues that an arbitration proceeding is not an "action" contemplated by the statute and that, therefore, an award of attorney's fees is wholly unauthorized. Clark says otherwise.
Although no court has heretofore specifically addressed the propriety of an award of attorney's fees under Section 1132(g)(1) *548 for services rendered in arbitration, we think the remedial purpose of ERISA, as well as its very language, dictates the conclusion that for the purpose of this statute, an arbitration proceeding is an action, and attorney's fees are thus recoverable. First, Congress enacted ERISA's enforcement provisions "to remove jurisdictional and procedural obstacles which in the past appear to have hampered effective enforcement ... for recovery of benefits due participants." H.R.Rep. No. 533, 93d Cong., 1st Sess. 17 (1973), reprinted in 1974 U.S. Code Cong. & Admin.News 4639, 4655. Consistent with this announced purpose, the attorney's fee provision is designed to enable participants and beneficiaries "to obtain competent counsel and to distribute the economic burden of litigation in a fair manner." Ford v. New York Central Teamsters Pension Fund, 506 F. Supp. 180, 182 (W.D.N.Y. 1980), aff'd, 642 F.2d 664 (2d Cir.1981). Accord Carter v. Montgomery Ward & Co., 76 F.R.D. 565, 568 (E.D.Tenn. 1976). Accordingly, courts have broadly construed ERISA's attorney's fee provision in favor of protecting plan participants and beneficiaries. See Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir.1984); Landro v. Glenndenning Motorways, 625 F.2d 1344, 1356 (8th Cir.1980); Ironworkers' Local No. 272 v. Bowen, 624 F.2d 1255 (5th Cir.1980), appeal after remand, 695 F.2d 531 (11th Cir.1983). Second, the resolution of disputes by arbitration is clearly contemplated by ERISA's statutory scheme. See, e.g., United Retail & Wholesale Employees Teamsters Union Local No. 115 Pension Plan v. Yahn & McDonnell, Inc., 787 F.2d 128 (3d Cir.), appeal filed, ___ U.S. ___, 107 S.Ct. 567, 93 L.Ed.2d 572 (1986), and 29 U.S.C. § 1401 (1982) (providing for judicial review of arbitration awards). Thus it is that we frequently find discussions of costs and attorney's fees in cases reviewing arbitration proceedings without any differentiation being made between arbitration-related fees and those fees arising solely out of court litigation. See Woodward Sand Co. v. Western Conference of Teamsters Pension Trust Fund, 789 F.2d 691 (9th Cir.1986); United Retail & Wholesale Employees Teamsters Union Local No. 115 Pension Plan v. Yahn & McDonnell, Inc., 787 F.2d 128. Third, and perhaps most persuasive, is that a parallel attorney's fee provision of ERISA, namely, Section 1132(g)(2), which provides that "[i]n any action under this subchapter ... to enforce section 1145 [pertaining to delinquent contributions] ... the court shall award the plan ... reasonable attorney's fees... to be paid by the defendant," has been construed to require an award of fees incurred in arbitration proceedings. Thus, in Trustees of the Amalgamated Insurance Fund v. Geltman Industries, 784 F.2d 926 (9th Cir.1986), cert. denied, ___ U.S. ___, 107 S.Ct. 90, 93 L.Ed.2d 42 (1986), the trustees of a pension plan sued to confirm an arbitration award for delinquent contributions and for attorney's fees incurred in the arbitration proceedings. The trial court confirmed the award and denied attorney's fees. On the trustees' cross-appeal, the appellate court reversed, rejecting the employer's argument that the trustees' action to confirm the arbitration award was not an action under the subchapter for which Section 1132(g)(2) mandated an award of attorney's fees. Likewise, in Woodward Sand Co. v. Western Conference of Teamsters Pension Trust Fund, 789 F.2d at 698, the court held that on confirmation of an arbitration award from a proceeding by a fund to collect delinquent contributions, the trial court must, under Section 1132(g)(2), award the fund a reasonable attorney's fee and costs. While neither case specifically declares that arbitration proceedings are "actions" within Section 1132(g)(2), this conclusion is the necessary predicate to their holdings that attorney's fees for services incurred in arbitration are recoverable.
The Trust contends, however, that several Florida cases denying awards of attorney's fees incurred in arbitration proceedings, despite statutory authority to otherwise award attorney's fees, support its position that arbitration proceedings are not to be construed as actions under Section *549 1132(g)(1). We find these cases to be distinguishable and entirely inapposite.
Beach Resorts International v. Clarmac Marine Construction Co., 339 So.2d 689 (Fla. 2d DCA 1976), is of little comfort to the Trust. The Florida Arbitration Code, Section 682.11, Florida Statutes, has never provided for  indeed, has expressly excluded  the recovery of attorney's fees. Clarmac, a contractor, faced with an agreement mandating arbitration of disputes between it and the property owner, filed a claim of lien against the owner and sued to foreclose the lien under the Mechanic's Lien Statute, Section 713.29, Florida Statutes, which, unlike the Arbitration Code, authorizes the recovery of attorney's fees.[1] At the owner's demand, the matter was referred to arbitration, resulting in an award to Clarmac. The trial court entered judgment on the arbitrator's award and granted Clarmac's request for attorney's fees. On appeal, the Second District set aside the attorney's fee award, finding that although the Mechanic's Lien Statute authorized the fees, there was absolutely no need to impose a lien to enforce an arbitration award which the defendant was completely willing to pay. Therefore, said the court, the plaintiff's recovery was attributable to the arbitration clause of the contract, not the Mechanic's Lien Statute.
It is important to note, first, that Beach Resorts International did not decide that an arbitration proceeding is not an action, but instead decided that the plaintiff's action in court was merely to confirm an arbitration award (no attorney's fees awardable), not to enforce a mechanic's lien (attorney's fees awardable); and, second, that, consistent with our view in the present case, the court implied that had the defendant refused to abide by the judgment confirming the award, necessitating the imposition of a lien, then attorney's fees attributable to the arbitration could be awarded.[2]
Following the lead of Beach Resorts, this court in Cuevas v. Potamkin Dodge, 455 So.2d 398 (Fla. 3d DCA 1984), refused to allow attorney's fees incurred in arbitration proceedings. In Cuevas, a dissatisfied car buyer sued the car dealer for fraud and violations of the Florida Deceptive and Unfair Trade Practices Act, Sections 501.201-.213, Florida Statutes (1981), requesting the attorney's fees authorized by the Act. Pursuant to the parties' sales contract, the matter went to arbitration where an award was made for the buyer. The buyer asked the court to confirm the award and for attorney's fees. The court held that the language of the Act, so clearly contemplating litigation in the court only, precluded an award of attorney's fees incurred in arbitration. Unlike ERISA Section 1132(g)(1), which we are here called upon to construe, the Unfair Trade Practices Act provides:
"In any civil litigation ... the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, shall receive his reasonable attorney's fees and costs... . [The award shall be made by] the trial judge who presided over the civil case."
§ 501.2105(1)-(3), Fla. Stat. (1981) (emphasis supplied).
*550 Thus, the very language of the Act considered in Cuevas excludes the notion of arbitration. In sharp contrast, ERISA's fee provision does not.
The Trust makes one further argument against the propriety of an award of attorney's fees. It says that by bringing an action to confirm the arbitration award, Clark has made the confirmation action, not her action under ERISA, the basis for recovery of her plan benefits. The argument is specious and proves too much. The nature of the cause is an action under ERISA regardless of the forum for dispute resolution. Moreover, since the court is always the appropriate forum to determine whether to award attorney's fees, Loxahatchee River Environmental Control District v. Guy Villa & Sons, Inc., 371 So.2d 111 (Fla. 4th DCA), cert. denied, 378 So.2d 346 (Fla. 1979), all actions to confirm arbitration awards  no matter what the underlying complaint  would be transformed into actions under the arbitration code for which no fees are authorized, a patently absurd result.
Finally, we address the Trust's argument that even if the trial court correctly decided to award attorney's fees to Clark, it was incumbent upon it to set forth its reasons for making such an award. While we believe this is an accurate statement of the law, see Evans v. Bexley, 750 F.2d 1498, 1500 (11th Cir.1985) (abuse of discretion to refuse to make findings in disposing of attorney's fee request under ERISA); Ironworkers' Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (same), the actual award has not yet been made, and the trial court may remedy this defect by setting forth the reasons behind the award of attorney's fees in accordance with the criteria outlined in Ironworkers' Local No. 272 v. Bowen, 624 F.2d at 1266.[3] With that direction, the order under review is
Affirmed.
NOTES
[1] Section 713.29, Florida Statutes (1975), amended by Chapter 77-353, Section 11, Laws of Florida, provided:

"In any action brought to enforce a [mechanic's] lien..., the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court... ."
[2] The implication arises from the court's statement that "[i]n the absence of a refusal to abide by the trial court's judgment, it was error to impose a mechanic's lien and award of attorney fees attributable to the arbitration previously conducted." Beach Resorts International v. Clarmac Marine Construction Co., 339 So.2d at 692 (footnote omitted). After the decision in Beach Resorts, Section 713.29, Florida Statutes, was amended to read that "the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court... ." (emphasis supplied). In its amended and present form, the section appears to contemplate an award of attorney's fees for litigation in court only. See Cuevas v. Potamkin Dodge, 455 So.2d 398 (Fla. 3d DCA 1984).
[3] These criteria are:

"(1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions. No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying section 502(g) [29 U.S.C. § 1132(g)]."
Ironworkers Local No. 272 v. Bowen, 624 F.2d at 1266 (citations and footnotes omitted).
But see Student Symposium, Attorney's Fees Under ERISA: When Is an Award Appropriate?, 71 Cornell L.Rev. 1037, 1058-61 (1986) (criticizing five-factor test as redundant, inappropriate).