533 So.2d 1196 (1988)
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, a Foreign Insurance Company, Appellant,
v.
Judith SAMPLE and Robert H. Sample, Appellees.
No. 88-499.
District Court of Appeal of Florida, Second District.
November 18, 1988.
Jeffrey R. Fuller of Williams, Brasfield, Wertz, Fuller & Lamb, P.A., St. Petersburg, for appellant.
H. Shelton Philips of Kaleel & Kaleel, P.A., St. Petersburg, for appellees.
HALL, Judge.
The appellant, St. Paul Fire & Marine Insurance Company, challenges an award of attorney's fees to the appellees, Judith and Robert Sample. We reverse.
When St. Paul refused to arbitrate the issue of uninsured motorist coverage for the benefit of Judith Sample, the Samples filed a petition for an order compelling arbitration pursuant to the provisions of their automobile insurance policy with St. Paul. St. Paul answered the petition, and subsequently, both parties filed motions for summary judgment. In their motion, the *1197 Samples asserted that there was no issue of fact but that the St. Paul policy provided uninsured motorist coverage for Judith Sample. Accordingly, the Samples asserted that judgment should be entered in their favor and an order compelling arbitration of the uninsured motorist coverage issue should be entered. In its motion, St. Paul asserted that there was no issue of fact but that its policy did not provide such coverage for Judith Sample. The trial judge granted the Samples' motion, and the cause proceeded to arbitration. The arbitrators awarded the Samples $19,230.77. The cause then returned to the trial court with the Samples' motion for attorney's fees.
The trial judge awarded the Samples' attorney fees in the amount of $30,000. In his order, the judge found that one hundred twenty-five hours and forty minutes had been spent on the case and that $125 was the appropriate hourly rate. Thus, the judge arrived at a lodestar figure of $15,000 (rounded off). Based on the contingency risk and the testimony of the Samples' expert witness, the judge determined that the lodestar figure should be enhanced by a multiplier of two.
St. Paul's first contention in this appeal is that the trial judge erred in including the hours the Samples' attorney spent on the arbitration proceeding in calculating the attorney's fee award because attorney's fees are not normally awarded for time spent in connection with arbitration proceedings. This contention is correct. The Arbitration Code specifically provides that "[u]nless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpires' expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award." § 682.11, Fla. Stat. (1987) (emphasis supplied). See also Beach Resorts International v. Clarmac Marine Construction, 339 So.2d 689 (Fla. 2d DCA 1976); Glenn Johnson, Inc. v. Howdeshell, Inc., 520 So.2d 297 (Fla. 2d DCA 1988).
Although St. Paul's second contention in this appeal is effectively rendered moot by our decision regarding the first contention, we shall address it because we agree there was error. St. Paul contends that the fee awarded the Samples' attorney is excessive under Florida Patients' Compensation Trust Fund v. Rowe, 472 So.2d 1145 (Fla. 1985), because it is greater than the fee called for by the forty percent contingency fee agreement entered into by the Samples and their attorney. Rowe states that "in no case should the court-awarded fee exceed the fee agreement reached by the attorney and his client." Id. at 1151. In other words, the amount called for by the fee agreement between the attorney and the client sets the maximum amount of fees the attorney may be awarded.
The $30,000 attorney's fee awarded to the Samples is obviously not forty percent of the $19,230.77 arbitration award.
The Samples contend that since their attorney obtained a finding by the trial judge that $100,000 worth of uninsured motorist coverage was available to Judith Sample, the $30,000 award is not excessive as it is less than forty percent of $100,000. We do not accept this argument. Under a contingency fee agreement such as the one in this case, the fee is calculated on the basis of the specified percent of recovery. See Quanstrom v. Standard Guaranty Insurance Co., 519 So.2d 1135, n. 1 (Fla. 5th DCA 1988).
Accordingly, we remand this case with directions to the trial court to recalculate, in accordance with Rowe, the award of attorney's fees to the Samples to exclude all time expended by the Samples' attorney in connection with the arbitration proceeding.
LEHAN, A.C.J., and PARKER, J., concur.