ON MOTION FOR REHEARING
FERGUSON, Judge.
The trial court’s findings in favor of the landlord on its claim for back rent are supported by competent and substantial evidence. See Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd 457 U.S. 31,102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Hetman v. Seaboard Coast Line R.R., 349 So.2d 1187 (Fla.1977). There is no basis, however, for the award of attorney’s fees other than a lease between the appellants and a prior owner of the property, which expired before the cause of action arose. Because the claim arises from a tenancy at sufferance, without an express agreement for attorney’s fees, the prevailing landlord is not entitled to a fee award. Generally, attorney’s fees cannot be awarded to a prevailing party unless authorized by contract or statute. Heyman v. Vonelli, 413 So.2d 1254 (Fla. 3d DCA 1982).
AFFIRMED IN PART; REVERSED IN PART.