556 So.2d 419 (1989)
Robert D. FEWOX and Adalia Bayfront Condominium, Ltd., D/B/a Adalia Condominium Partnership of Florida, Appellants,
v.
McMERIT CONSTRUCTION COMPANY, McCarthy Construction Company, and Federal Insurance Company, Appellees.
No. 88-03101.
District Court of Appeal of Florida, Second District.
December 6, 1989.
Rehearing Denied February 5, 1990.
Ted R. Manry, III and Charles W. Pittman of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellants.
Dale W. Vash of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellees.
*420 EN BANC.
RYDER, Judge.
Appellants, who were the plaintiffs below, challenge the trial court's order denying their motion for attorney's fees against appellee Federal Insurance Company (FIC). The court denied the motion for attorney's fees relying on this court's decision in Glen Johnson, Inc. v. L.M. Howdeshell, Inc., 520 So.2d 297 (Fla. 2d DCA 1988). We reverse, and find it necessary to recede from Glen Johnson, as well as our opinion in St. Paul Fire & Marine Insurance Co. v. Sample, 533 So.2d 1196 (Fla. 2d DCA 1988), for reasons which will be explained in this opinion. We also certify two questions as involving inter-district conflict and being of great public importance.
Appellants are the owners of a condominium project that was constructed by appellee McMerit Construction Company (McMerit), the predecessor of appellee McCarthy Construction Company (McCarthy). FIC issued a performance bond to assure performance of the construction contract. After a controversy arose between the parties, appellants sued McMerit, McCarthy and FIC for breach of contract and on the bond and requested arbitration. The trial court granted a stay of the proceedings pending arbitration. Appellants initiated an arbitration proceeding against McCarthy with the American Arbitration Association which resulted in an arbitrator's award against McCarthy in the amount of $185,888.35. Appellants then filed a motion in the trial court to confirm the award against McCarthy and at the same time they moved for an award of attorney's fees against FIC on the performance bond pursuant to sections 627.428 and 627.756, Florida Statutes (1987).
Although the trial court did not dispose of appellants' motion to confirm the award, McCarthy issued a check in the amount awarded by the arbitrator payable to both appellants and the Federal Savings & Loan Insurance Corporation (FSLIC), which had claimed an interest in the proceeds of the award. McCarthy and FIC then filed a motion to interplead the funds into the registry of the court. The trial court, pursuant to a written stipulation between appellants and FSLIC, ordered that the funds be deposited into an interest-bearing account pending a determination of the claims of appellants and FSLIC thereto. After hearing appellants' motion for attorney's fees against FIC, the court entered the order denying the motion, citing Glen Johnson. This appeal followed.
Appellants' claim for attorney's fees is based on their interpretation of two statutes, sections 627.428 and 627.756, Florida Statutes (1987), which they contend allow the recovery of attorney's fees from a surety under a performance bond. Section 627.428(1) provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
Section 627.756 provides:
Section 627.428 applies to suits brought by owners, subcontractors, laborers, and materialmen against a surety insurer under payment of performance bonds written by the insurer under the laws of this state to indemnify against pecuniary loss by breach of a building or construction contract. Owners, subcontractors, laborers, and materialmen shall be deemed to be insureds or beneficiaries for the purposes of this section.
Reading these two sections together, they indeed appear to provide for attorney's fees in this case in favor of appellants, the owners, and against FIC, the surety insurer, under the performance bond. Appellees, however, argue from their reading of Glen Johnson that Florida's Arbitration Code, chapter 682, Florida Statutes, prohibits an award of attorney's fees for services rendered by the attorney during arbitration. *421 They cite section 682.11, Florida Statutes (1987), which states:
Unless otherwise provided in the agreement or provision for arbitration, the arbitrator's and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award. (Emphasis supplied.)
Appellees also contend that, even if section 682.11 does not prohibit an award of attorney's fees in this case, there was not a judicial "rendition of judgment or decree," or its equivalent, which is a prerequisite under section 627.428(1) to an award of fees. Although there is authority for the proposition that a voluntary payment by the insurer is the equivalent of the required "judgment or decree," appellees argue that in this case McCarthy, and not FIC, voluntarily paid the arbitrator's award and that FIC's motion to interplead the funds does not amount to a voluntary payment by FIC.
Thus, three issues are presented for our review:
(1) Does section 682.11 prohibit an award of attorney's fees for services rendered by the attorney during arbitration proceedings?
(2) Do sections 627.428 and 627.756 authorize an award of attorney's fees against the surety insurer for services rendered by the attorney during arbitration proceedings (or, stated differently, are arbitration proceedings encompassed within the term "suit" under section 627.428(1))?
(3) Was McCarthy's payment of the arbitrator's award, and FIC's motion to interplead the funds, tantamount to a voluntary payment by FIC, which would be the equivalent of "the rendition of a judgment or decree," entitling appellants to an award of attorney's fees under section 627.428?

1. Does Section 682.11 Prohibit Arbitration Attorney's Fees?
In Glen Johnson, a subcontractor on a construction job (Howdeshell) sued the general contractor (Glen Johnson) and the surety on the subcontract and the contractor's bond. Howdeshell also sought attorney's fees pursuant to the surety agreement. The case went before an arbitrator, who dismissed Howdeshell's claims without prejudice on the grounds that all conditions precedent to payment had not been met. The trial court, however, vacated the arbitrator's decision, finding that all conditions precedent had, in fact, been met, and entered final judgment in favor of Howdeshell. The court awarded attorney's fees to Howdeshell, including fees incurred during the arbitration proceedings. On appeal, this court affirmed the judgment but reversed the award of attorney's fees for services rendered by the attorney during arbitration. We stated, "[a]ttorney's fees for arbitration proceedings are expressly excluded by section 682.11, Florida Statutes (1985)."
Subsequent to Glen Johnson, we held in Sample, a case involving uninsured motorist coverage, that the insureds could not recover their attorney's fees for hours the attorney spent in arbitration because of the prohibition against such fees in section 682.11, citing Glen Johnson and Beach Resorts International v. Clarmac Marine Construction, 339 So.2d 689 (Fla. 2d DCA 1976).
Upon a close examination of section 682.11 and the relevant case law, we conclude that Glen Johnson and Sample were wrongly decided insofar as they hold that the statute prohibits an award of attorney's fees for services rendered by the attorney during arbitration proceedings. The "not including counsel fees" clause in section 682.11 merely indicates that an arbitrator may not include attorney's fees in his award of expenses and fees incurred during arbitration proceedings. Zac Smith & Co., Inc. v. Moonspinner Condominium Association, Inc., 534 So.2d 739, 742 (Fla. 1st DCA 1988); Loxahatchee River Environmental Control District v. Guy Villa & Sons, Inc., 371 So.2d 111 (Fla. 4th DCA 1978), cert. denied, 378 So.2d 346 (Fla. 1979); Tassinari v. Loyer, 189 So.2d 651 (Fla. 2d DCA 1966). The legislature apparently eliminated attorney's fees from the subject matter jurisdiction of arbitration *422 because arbitrators are generally businessmen chosen for their expertise in the particular subject matter of the suit and have no expertise in determining what is a reasonable attorney's fee. Zac Smith & Co. at 742; Loxahatchee River Environmental Control District at 113; Tassinari at 653. Thus, the intent of the statute is merely to prohibit arbitrators from awarding attorney's fees. "The proper place to determine the entitlement to and amount of attorney's fees authorized by contract or statute is in the circuit court upon application for confirmation of the [arbitrator's] award." Loxahatchee River Environmental Control District at 113.
Upon examining Glen Johnson and Sample, we are of the opinion that our erroneous conclusion in those cases regarding the effect of section 682.11 may very well have stemmed from our misinterpretation of our previous decision in Beach Resorts International, although Glen Johnson did not cite Beach Resorts International. Other courts have also misconstrued Beach Resorts International to hold that section 682.11 prohibits an award of attorney's fees for services rendered during arbitration. See Cuevas v. Potamkin Dodge, Inc., 455 So.2d 398 (Fla. 3d DCA 1984); Heyman v. Vonelli, 413 So.2d 1254 (Fla. 3d DCA 1982); McDaniel v. Berhalter, 405 So.2d 1027 (Fla. 4th DCA 1981); Oakdale Park Ltd. v. Byrd, 346 So.2d 648 (Fla. 1st DCA 1977). But see Zac Smith & Co. (in which the First District Court of Appeal reaches a contrary conclusion to that reached in its previous opinion in Oakdale Park Ltd.); Consolidated Labor Union Trust v. Clark, 498 So.2d 547 (Fla. 3d DCA 1986) (in which the Third District Court of Appeal reaches a contrary conclusion to that reached in its previous opinions in Cuevas and Heyman). Beach Resorts International, however, merely holds that section 682.11 prohibits an arbitrator from awarding attorney's fees associated with arbitration and that such fees are awardable by the trial court if there is statutory authority or contractual agreement between the parties therefor. In Beach Resorts International, there was neither a contractual agreement nor an applicable statute authorizing an award of attorney's fees. The court noted that the mechanic's lien statute, pursuant to which the proceedings were initiated, authorized attorney's fees to the "prevailing party." The court held, however, that there was no need to impose a lien to enforce the arbitrator's award, since the defendant voluntarily paid the amount awarded, and therefore the plaintiff's recovery was pursuant to the arbitration clause and not the mechanic's lien statute. Id. at 691. Accordingly, the court denied the motion for attorney's fees. See Consolidated Labor Union Trust at 549. Compare Fitzgerald & Company, Inc. v. Roberts Electrical Contractors, Inc., 533 So.2d 789 (Fla. 1st DCA 1988) (holding that a subcontractor, whose dispute with a contractor and a surety insurer was settled through arbitration, could be awarded attorney's fees pursuant to sections 627.428 and 627.756, even though the arbitration award had been paid in full).
There are other cases which also reach the conclusion that, while section 682.11 prohibits the arbitrator from awarding attorney's fees, the trial court may do so if authorized by contract or statute. See B & H Construction Supply Co., Inc. v. District Board of Trustees of Tallahassee Community College, Florida, 542 So.2d 382 (Fla. 1st DCA 1989); Consolidated Labor Union Trust; Buena Vista Construction Co. v. Carpenters Local Union 1765 of United Brotherhood of Carpenters & Joiners of America, 472 So.2d 1356 (Fla. 5th DCA 1985); State Farm Mutual Automobile Insurance Co. v. Anderson, 332 So.2d 623 (Fla. 4th DCA 1976), cert. denied, 345 So.2d 428 (Fla. 1977). See also Complete Interiors, Inc. v. Behan, 558 So.2d 48 (Fla. 5th DCA 1990); Fitzgerald & Co.; Loxahatchee River Environmental Control District; Tassinari. In B & H Construction Supply Co., the court held that a contractual provision for attorney's fees incurred during a "legal action" encompassed fees incurred during arbitration. In Consolidated Labor Union Trust, there was statutory authority for an award of attorney's fees incurred during arbitration *423 under the Employee Retirement Income Security Act (ERISA). The court held that an arbitration proceeding is an "action" as contemplated under the applicable attorney's fees provision in ERISA. In Buena Vista Construction Co., the court's award of attorney's fees was reversed for lack of statutory or contractual authority therefor. The union had moved for attorney's fees under a statute authorizing such fees in an action for unpaid wages. The court held, however, that the action was not for unpaid wages. Finally, in Anderson, the court upheld an award of fees related to arbitration, since such fees were authorized by section 627.428. It must be noted, however, that in Buena Vista Construction Co. and Anderson the Fifth and Fourth District Courts of Appeal, respectively, state that statutorily authorized attorney's fees include only those fees incurred in the trial court and do not include fees incurred during arbitration proceedings. See Buena Vista Construction Co. at 1358; Anderson at 626. We disagree with that position, and to the extent the opinions of the Fifth and Fourth District Courts of Appeal in Buena Vista Construction Co. and Anderson hold that attorney's fees incurred during arbitration are prohibited, they are in conflict with the view held by this court, by the First District Court of Appeal in Zac Smith & Co., Fitzgerald & Co. and B & H Construction Co., and by the Third District Court of Appeal in Consolidated Labor Union Trust. But see Insurance Company of North America v. Acousti Engineering Co. of Florida, 549 So.2d 790 (Fla. 5th DCA 1989) (wherein the Fifth District Court of Appeal follows the holding in Zac Smith & Co.) In addition, the First, Third and Fourth District Courts of Appeal, to the extent they have not implicitly receded from or overruled their own decisions misinterpreting Beach Resorts International, are in conflict with the view we express herein. See Cuevas; Heyman; McDaniel; Oakdale Park Ltd.
Therefore, we recede from our holdings in Glen Johnson and Sample and certify the following question as involving inter-district conflict and being of great public importance:
DOES SECTION 682.11, FLORIDA STATUTES (1987), PROHIBIT AN AWARD OF ATTORNEY'S FEES INCURRED DURING ARBITRATION PROCEEDINGS, OR DOES IT MERELY PROHIBIT THE ARBITRATOR FROM MAKING SUCH AN AWARD?

2. Does a "Suit" under Section 627.428(1) Encompass Arbitration?

In Glen Johnson we did not address the question of whether sections 627.428 and 627.756 authorize an award of attorney's fees against the surety, since the owner sought attorney's fees under the surety contract and not under the statutes. However, the First District Court of Appeal has held that the two statutes, when read together, provide for attorney's fees against the surety insurer in construction bond actions. Zac Smith & Co.; Fitzgerald & Co. In Zac Smith & Co., the court stated that "[a]n insured under a performance or payment bond is ... entitled, under section 627.756, to attorney fees for the proceedings necessary to obtain the judgment against its insurer, the surety on the bond." Id. at 743. The court made it clear that the attorney's fees recoverable under sections 627.428 and 627.756 include those incurred during arbitration, when it stated that "the arbitration proceedings were necessary to rendition of the judgment which triggered [the] entitlement to attorney fees under these provisions." Id. at 742. The court also explained that the policy underlying section 627.428 is to "discourage the contesting of coverage by insurers and to reimburse successful policy holders when they are compelled to sue to enforce their policies." Id. at 743. See also Government Employees Insurance Co. v. Battaglia, 503 So.2d 358 (Fla. 5th DCA 1987).
We agree with the First District Court of Appeal and adopt its position. The legislative policy underlying section 627.428 is served by requiring insurers to pay attorney's fees to a prevailing insured or beneficiary, regardless of whether the insurers contest coverage through arbitration or in the trial courts. To hold otherwise would *424 be to allow insurers to avoid paying attorney's fees in contested coverage cases merely by choosing arbitration. In addition, it is clear that section 627.756 is intended to implement the policy underlying section 627.428 in the context of construction bond actions.
Our holding finds support in the language of section 627.428(1), which authorizes attorney's fees "for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had." The question which must be answered in order to determine whether section 627.428(1) authorizes an award of attorney's fees incurred during arbitration is whether the term "suit" encompasses arbitration proceedings. The Third District Court of Appeal addressed an analogous question in Consolidated Labor Union Trust, in which it held that the term "action," as employed in an attorney's fee provision in ERISA, includes arbitration proceedings. The court reasoned that its interpretation comports with the purpose of ERISA's enforcement provisions to protect plan participants and beneficiaries. Id. at 538. Similarly, as we have already noted, the legislative policy underlying section 627.428 is to protect insureds and beneficiaries from unwarranted proceedings by insurers contesting coverage. Therefore, we are persuaded by the opinion of our sister court in Consolidated Labor Union Trust, and we hold that the term "suit" in section 627.428(1) contemplates arbitration proceedings, as well as proceedings in the trial court. See also B & H Construction Co. at 390 (the term "legal action," as used in a contractual attorney's fee provision, encompasses arbitration proceedings).
The Fourth District Court of Appeal, however, takes a contrary view in Anderson, in which it states that "[a] claim under § 627.428(1) is of course not to be confused with a claim for attorney's fees by an insured for services rendered in the conduct of arbitration since such fees (absent an agreement to the contrary) are not recoverable," citing section 682.11. Id. at 626. Thus, although this question is closely related to our previous one concerning section 682.11, we certify the following question as involving inter-district conflict and being of great public importance:
DO THE ATTORNEY'S FEES RECOVERABLE UNDER SECTION 627.428 INCLUDE THOSE INCURRED DURING ARBITRATION PROCEEDINGS?

3. Was There an Equivalent to a "Judgment or Decree?"
In Fitzgerald & Co., the surety insurer paid the arbitration award immediately prior to a hearing on the plaintiff's motion in the trial court to confirm the arbitrator's award and to assess attorney's fees and costs. The trial court awarded the plaintiff attorney's fees, and the surety argued on appeal that the plaintiff was not entitled to attorney's fees under sections 627.428 and 627.756 because there had not been a "rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of [the insured]," as required under section 627.428(1). The court rejected the surety's argument, stating:
[S]ince `the payment of a claim is ... the functional equivalent of a confession of judgment,' Wollard v. Lloyd's and Companies of Lloyd's, 439 So.2d 217 (Fla. 1983), an insurer cannot escape liability for attorney's fees `simply by settling the suit before a judgment was entered.' Fortune Insurance Co. v. Brito, 522 So.2d 1028 (Fla.3d DCA 1988). See also Cincinnati Insurance Co. v. Palmer, 297 So.2d 96, 99 (Fla. 4th DCA 1974).
Fitzgerald & Co. at 790. See also Zac Smith & Co. at 743. Thus, a voluntary payment of the arbitration award by the surety insurer is the equivalent of "the rendition of a judgment or decree," under section 627.428(1).
In the case sub judice, the surety insurer, FIC, did not voluntarily pay the arbitration award as did the insurer in Fitzgerald & Co. Instead, the award was paid by the contractor, McCarthy, and FIC merely joined in requesting that the funds be interpleaded into the court registry pending a final determination of the claims of appellants and FSLIC. In addition, the arbitration proceedings in this case were brought against McCarthy, and FIC was not a party *425 thereto. By contrast, in Fitzgerald & Co., both the surety and its principal were parties in the arbitration proceedings.
It has been held, however, that where a surety has actual notice of arbitration proceedings instituted against its principal, the surety will be bound by an arbitration determination against its principal and the recipient of the award will be entitled to an order confirming the arbitration award in its favor, not only as against the principal but also against the surety. Kidder Electrical of Florida, Inc. v. United States Fidelity & Guaranty Co., 530 So.2d 475 (Fla. 5th DCA 1988). See Von Engineering Co. v. R.W. Roberts Construction Co., 457 So.2d 1080 (Fla. 5th DCA 1984) (where a surety has notice of a suit against the principal and is afforded an opportunity to appear and defend, a judgment rendered without fraud and collusion is conclusive against the surety as to all material questions therein determined).
In this case, the record reflects that the same attorney represented both McCarthy and FIC. Thus, FIC clearly had actual knowledge of the arbitration proceedings initiated against its principal and had ample opportunity to appear and defend therein, but chose not to do so. FIC also must have been aware of McCarthy's payment of the arbitrator's award. Further, there is no doubt that FIC considered the matter to have been concluded, since its request to interplead funds presupposed that the funds were payable either to appellants or to FSLIC. The motion to interplead concedes that liability had been established when it states that "[t]he arbitration award represents monies due and owing... ." The only question remaining at that point was whether the money was due and owing to appellants or to FSLIC.
We conclude, therefore, that the result of the arbitration proceedings against McCarthy was conclusive as against FIC and that the voluntary payment of the award by McCarthy was tantamount to a confession of judgment by FIC. By analogy to the reasoning in Fitzgerald & Co., a surety insurer cannot escape liability for attorney's fees simply by allowing its principal to pay the arbitrator's award before a judgment is entered against the surety in accordance with the arbitrator's determination against the principal by which the surety is bound. Since FIC's confession of judgment is the equivalent of "the rendition of a judgment or decree" against it, appellants were entitled to recover attorney's fees against the insurer under sections 627.428 and 627.756 and Fitzgerald & Co.

CONCLUSION
In summary, we hold that sections 627.428 and 627.756 authorize an award of attorney's fees to appellants, notwithstanding section 682.11, which merely prohibits the arbitrator from making such an award. The attorney's fees awardable include those fees incurred during arbitration proceedings or related thereto, as well as those incurred in the trial court. Further, the fact that there has been no final judicial determination by the trial court in this case does not prevent appellants from recovering fees, since the contractor's voluntary payment of the arbitrator's award was equivalent to a confession of judgment by the surety, who had ample opportunity to appear and defend in the arbitration proceedings but chose not to do so. Therefore, the trial court erred in denying appellants' motion for attorney's fees.
Reversed and remanded for proceedings consistent with this opinion.
CAMPBELL, C.J., SCHEB, DANAHY, SCHOONOVER, LEHAN, FRANK, HALL, THREADGILL, PARKER AND PATTERSON, JJ., and EDWARD F. BOARDMAN (Ret.), J., concur.