596 So.2d 1128 (1992)
Sylvia Y. FRIDMAN, Appellant,
v.
CITICORP REAL ESTATE, INC., Appellee.
No. 91-01157.
District Court of Appeal of Florida, Second District.
March 13, 1992.
Rehearing Denied April 27, 1992.
Paul A. Louis, Frank Nussbaum and John Zavertnik of Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A., Miami, for appellant.
Bruce J. Berman, P.A., and Jamie A. Cole of Weil, Gotshal & Manges, Miami, for appellee.
PARKER, Judge.
Sylvia Y. Fridman appeals an order vacating an arbitration award. We reverse *1129 the order because it was error for the circuit court to enter such an order without directing a rehearing.
Fridman filed a mortgage foreclosure action in which Citicorp, a junior mortgagee, chose to pay off the notes which the senior mortgage secured and to pay counsel fees to two law firms. Citicorp, however, objected to paying the $10,043.95 fee to the firm of Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik, P.A. (hereinafter Sinclair, Louis) which represented Fridman. The parties agreed to submit the matter of Sinclair, Louis's fees to binding arbitration. The majority of the arbitration panel, which consisted of three attorneys appointed through the arbitration procedures of the Dade County Bar Association, recommended that Fridman was entitled to $13,915 for Sinclair, Louis's fees, which included fees for time spent on the arbitration proceeding. Fridman filed a motion to confirm the arbitration award, and Citicorp filed a motion to vacate the award. The circuit court entered an order vacating the arbitrators award on the ground that the arbitrators exceeded their powers by including in the award an amount of fees incurred in the conduct of arbitration.
The first issue is whether the circuit court erred in vacating the arbitration award on the basis that the arbitration panel exceeded its authority. This analysis necessarily must begin with the case of Fewox v. McMerit Construction Company, 556 So.2d 419 (Fla. 2d DCA 1989) (en banc), approved sub nom. Insurance Company of North America v. Acousti Engineering Company of Florida, 579 So.2d 77 (Fla. 1991). Fewox held that a party may be awarded fees for arbitration proceedings if authorized by statute or contract; however, the circuit court and not the arbitrators must determine the fee. We, therefore, conclude that the arbitrators erred in awarding fees for work performed in preparation for and during the arbitration proceedings.
This court, in Fewox, noted that "[t]he legislature apparently eliminated attorney's fees from the subject matter jurisdiction of arbitration because arbitrators are generally businessmen chosen for their expertise in the particular subject matter of the suit and have no expertise in determining what is a reasonable attorney's fees." Fewox, 556 So.2d at 421-22. We recognize that this rationale does not apply to the instant case because the subject matter of the arbitration proceedings was the determination of reasonable attorney's fees and the three attorneys apparently had some degree of expertise in this area. We, however, believe that the language of section 682.11, Florida Statutes (1989) and this court's holding in Fewox regarding the limited subject matter jurisdiction of the arbitration prevent us from carving out an exception for this factual situation, even though such an exception here would appear reasonable.
Having determined that the circuit court was correct in holding that the arbitrators exceeded their authority in awarding fees for the arbitration, the next inquiry is what the circuit court should have done following that finding. It is error for a circuit court to enter an order vacating an arbitration award without directing a rehearing. Ripple v. Packard, 471 So.2d 1293 (Fla. 3d DCA 1985). The circuit court in this case should have ordered the arbitrators to rehear the matter in accordance with the provisions set forth in section 682.13(3), Florida Statutes (1989).[1]
Upon receipt of the arbitration award after rehearing, Fridman will be required to file a motion to confirm the award if no grounds exist to vacate, modify, or correct the award. See § 682.12, Fla. Stat. (1989). Fridman at that time must apply to the circuit court for attorney's fees for the work performed in preparation for and during the arbitration proceeding. See Fewox, 556 So.2d at 422. The parties briefed the *1130 issue of whether Fridman is entitled to attorney's fees even though Fewox provides that the circuit court is the proper forum for the determination of entitlement to fees. As guidance to the circuit court upon remand, we choose to discuss this issue.
Fridman claims that she is entitled to fees for the time spent on the arbitration proceeding based on the fee provision contained in the note which the first mortgage secured. Citicorp argues that it was not a party to that note; therefore, it is not bound by that provision. In order for Citicorp's interests not to be foreclosed, it must pay off all of the obligations which are senior to its lien. Cf. Flagler Center Building Loan Corp. v. Chemical Realty Corp., 363 So.2d 344 (Fla. 3d DCA 1978), cert. denied, 372 So.2d 467 (Fla. 1979) (receiver's costs are proper as a charge against the mortgaged property and a part of the expenses of foreclosure which must be paid in order to redeem mortgaged property). Citicorp, therefore, is obligated to pay all fees necessary for the collection of the note, including Fridman's attorney's fees.
The circuit court's order is reversed, and this matter is remanded for further proceedings consistent with this opinion.
RYDER, A.C.J., and LEHAN, J., concur.
NOTES
[1] We note that neither party filed a motion to modify the arbitration award which may have allowed the circuit court to reduce the fee award to include only prearbitration work if the circuit court could have determined from the record of the arbitration proceeding the amount the arbitrators awarded for the prearbitration work. Because the parties failed to file a motion for modification, a rehearing is necessary. See § 682.14(1), Fla. Stat. (1989) (a court may modify an award upon application for modification or correction).