602 So.2d 689 (1992)
PAR FOUR, INC., a Florida corporation, Appellant,
v.
Joseph GOTTLIEB and Betty Gottlieb, his wife, Appellees.
No. 91-3363.
District Court of Appeal of Florida, Fourth District.
July 22, 1992.
Peter B. Weintraub of Werksman & Weintraub, Deerfield Beach, for appellant.
Steven I. Greenwald of Law Offices of Steven I. Greenwald, P.A., Boca Raton, for appellees.
HERSEY, Judge.
The issue on appeal is whether entitlement to attorney's fees specifically provided *690 for by agreement includes attorney's fees incurred during arbitration in connection with the parties' litigation. A collateral issue is whether attorney's fees in this context are prohibited by section 682.11, Florida Statutes (1991).
Attorney's fees for services performed in arbitration proceedings are recoverable only when authorized by statute or by specific agreement. Beach Resorts Int'l, Inc. v. Clarmac Marine Constr. Co., 339 So.2d 689, 690 (Fla. 2d DCA 1976). In the case at bar the agreement provided that, in the event of "any litigation," the prevailing party would be entitled to recover attorney's fees. The trial court held, and we agree, that the term "litigation" in the context of the agreement before the court includes proceedings in arbitration. B & H Constr. & Supply Co. v. Tallahassee Community College, 542 So.2d 382, 390 (Fla. 1st DCA) (in construing attorney's fee provision in agreement, term "legal action" includes arbitration proceedings), rev. denied, 549 So.2d 1013 (Fla. 1989); Consolidated Labor Union Trust v. Clark, 498 So.2d 547 (Fla. 3d DCA 1986) (arbitration is included in the term "action" within the meaning of the attorney's fees provision of ERISA, 29 U.S.C. § 1132(g)(1) (1982)).
We also reject appellant's fall-back position that section 682.11, Florida Statutes (1991), prohibits an award of attorney's fees in arbitration cases. See Fewox v. McMerit Constr. Co., 556 So.2d 419 (Fla. 2d DCA 1989) (en banc), approved, 579 So.2d 77 (Fla. 1991).
AFFIRMED.
ANSTEAD and FARMER, JJ., concur.