629 So.2d 204 (1993)
SERVICE STATION AID, INC., a Florida corporation, Appellant,
v.
TURNBERRY ASSOCIATES, a Florida general partnership, Appellee.
No. 93-568.
District Court of Appeal of Florida, Third District.
November 16, 1993.
Rehearing Denied January 26, 1994.
John Kirk McDonald, William R. Robbins, Coral Gables, Jeanne Heyward, Miami, for appellant.
Manzini & Associates and Nicolas A. Manzini, Miami, for appellee.
Before HUBBART and BASKIN and COPE, JJ.
PER CURIAM.
The defendant Service Station Aid, Inc. appeals a trial court order vacating an arbitration award of attorney's fees in its favor for successfully defending an arbitration action brought by the plaintiff Turnberry Associates against the defendant, as well as a codefendant who is not a party to this appeal.
We reverse the trial court order vacating the arbitrator's award of attorney's fees based on a holding that (1) the trial court, in effect, found, based on substantial competent evidence, that the parties stipulated that the arbitrator should decide the issue of attorney's fees in the case; (2) the parties to an arbitration agreement may by stipulation confer jurisdiction on the arbitrator to decide entitlement to attorney's fees and to assess such fee, Pierce v. J.W. Charles-Bush Securities, Inc., 603 So.2d 625 (Fla. 4th DCA 1992) (en banc); and (3) a trial court has no authority to vacate such an attorney's fee award by an arbitrator, as was done in the instant case, on the ground that the award is legally incorrect [i.e., that there is no statute or contract between the parties authorizing such an award] because an arbitration award cannot be vacated because the arbitrator made an error of law. § 682.13, Fla. Stat. (1991); Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla. 1989).
*205 The final order under review is reversed and the cause is remanded to the trial court with directions to confirm the arbitration award in the instant case.
Reversed and remanded.