651 So.2d 1173 (1995)
TURNBERRY ASSOCIATES, a Florida general partnership, Petitioner,
v.
SERVICE STATION AID, INC., a Florida corporation, Respondent.
No. 83254.
Supreme Court of Florida.
March 2, 1995.
*1174 Nicolas A. Manzini and Maidenly Sotuyo of Manzini & Stevens, P.A., Miami, for petitioner.
John Kirk McDonald and William R. Robbins, Coral Gables, and Jeanne Heyward, Miami, for respondent.
ANSTEAD, Justice.
We have for review Service Station Aid, Inc. v. Turnberry Associates, 629 So.2d 204 (Fla. 3d DCA 1993) because it conflicts with Higley South, Inc. v. Quality Engineered Installation, Inc., 632 So.2d 615 (Fla. 2d DCA 1994), review granted, 642 So.2d 1362 (Fla. 1994), and Fridman v. Citicorp Real Estate, Inc., 596 So.2d 1128 (Fla. 2d DCA 1992). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision below.

Facts
Turnberry Associates (Turnberry), as the owner of real property, contracted with Ahrens Construction Development, Inc. (Ahrens) for construction work on its property. In turn, Ahrens entered into a subcontract with Service Station Aid, Inc. (Service Station), to work on the Turnberry contract. After the construction work was completed, a disagreement arose among Turnberry, Ahrens, and Service Station. As a result, Turnberry filed suit against Ahrens and Service Station. The trial court ordered arbitration of the parties' dispute pursuant to a contractual provision for arbitration. At arbitration, Turnberry's claim against Ahrens and Service Station was denied. Subsequently, the arbitrator entered an award of attorney's fees in favor of Service Station and against Turnberry.
Turnberry asked the trial court to vacate the arbitrator's award of attorney's fees. After an evidentiary hearing, the trial court vacated the attorney's fees award because it found no contractual provision that would entitle Service Station to attorney's fees. On appeal, the Third District reversed and based its ruling, in part, on the authority of Pierce v. J.W. Charles-Bush Securities, Inc., 603 So.2d 625 (Fla. 4th DCA 1992) (en banc), which held that parties to an arbitration are free to confer jurisdiction by agreement on an arbitrator to award attorney's fees.

Discussion
We begin our analysis with the statutory provision which governs an arbitrator's powers and jurisdiction with respect to arbitration fees and expenses after a determination of the merits of the parties' dispute. In its entirety this section provides:
Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
*1175 § 682.11, Fla. Stat. (1993) (emphasis added). The Second District in Fewox v. McMerit Construction Co., 556 So.2d 419 (Fla. 2d DCA 1989), approved sub nom. Insurance Co. of N. Am. v. Acousti Engineering Co., 579 So.2d 77 (Fla. 1991), interpreted the "not including counsel fees" clause in section 682.11 to mean that "an arbitrator may not include attorney's fees in his award of expenses and fees incurred during arbitration proceedings." Id. at 421. The district court concluded that the circuit court was the "`proper place to determine the entitlement to and amount of attorney's fees authorized by contract or statute ... upon application for confirmation of the [arbitrator's] award.'" Id. at 422 (quoting Loxahatchee River Envtl. Control Dist. v. Guy Villa & Sons, Inc., 371 So.2d 111, 113 (Fla. 4th DCA 1978)).
Subsequently, in Insurance Co. of North America v. Acousti Engineering Co., 579 So.2d 77, 79 (Fla. 1991), this Court, in a decision which embraced three consolidated cases and involved a dispute as to the entitlement to fees incurred in arbitration, adopted the en banc opinion of the Second District in Fewox. In that decision, we were asked whether "section 682.11, Florida Statutes (1987), prohibit[s] an award of attorney's fees incurred during arbitration proceedings, or does it merely prohibit the arbitrator from making such an award?" Id. at 79. We agreed with the Fewox Court that section 682.11 "does not proscribe the award of attorney's fees incurred during arbitration but rather merely prohibits arbitrators from awarding such fees." Id. at 80. However, in that decision, we did not decide the issue squarely confronting us today: Whether parties by stipulation may waive the statutory bar and confer jurisdiction upon arbitrators to award attorney's fees.
In recent years, we have consistently taken the view that "arbitration is a favored means of dispute resolution and courts [should] indulge every reasonable presumption to uphold proceedings resulting in an award." Roe v. Amica Mut. Ins. Co., 533 So.2d 279, 281 (Fla. 1988). We now agree with the construction given to section 682.11 by the Fourth District Court in Pierce, and hold that the parties by agreement may waive their entitlement to have the circuit court decide the issue of attorney's fees and by doing so may confer subject matter jurisdiction upon an arbitrator to award attorney's fees. As the Fourth District points out, "Under the current policy of broad construction in favor of arbitration, such a narrow and restrictive reading [of section 682.11] is certainly questionable." Pierce, 603 So.2d at 629. Arbitration itself, of course, is a voluntary alternative method for the resolution of disputes. Absent a clear directive from the legislature, we see no reason why the parties may not also voluntarily agree to allow the collateral issue of attorney's fees to be decided in the same forum as the main dispute. We do not read section 682.11 as such a clear directive.[1]
Notwithstanding our ruling today, we will continue to permit trial courts, in the event a dispute arises, to enjoy exclusive jurisdiction to resolve the factual issue of whether the parties have waived their statutory right to have the court decide the fee issue. Under section 682.11, as previously construed by this Court, the parties continue to have the right to have the issue of attorney's fees decided in court if they wish. The arbitrator has no authority to award fees absent an express waiver of this statutory right.
Turnberry argues that in this case there was neither an oral nor written stipulation by the parties to permit the arbitrator to enter an award of attorney's fees. However, as the Third District Court noted, and we agree, the trial court made a factual finding that the parties had agreed to permit the arbitrator to decide the issue of attorney's fees.
Accordingly, we approve the Third District decision and recede from our opinion in Acousti Engineering to the extent of conflict. We disapprove of the holdings in Higley South, Inc. v. Quality Engineered Installation Inc., 632 So.2d 615 (Fla. 2d DCA 1994), *1176 and Fridman v. Citicorp Real Estate, Inc., 596 So.2d 1128 (Fla. 2d DCA 1992), to the extent that they are inconsistent with this opinion.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., concur.
NOTES
[1] We agree that it would be helpful if the legislature would review this section and provide clearer guidance on this issue.