NESBITT, Judge,
dissenting:
I respectfully dissent. This contractor appeals an order confirming an arbitration award which determined that its client was the prevailing party in this breach of contract action and was entitled to costs, including attorney’s fees, in an amount to be determined by the court.
Parties to an arbitration proceeding continue to have the statutory right to have the issue of attorney’s fees decided by the court if they wish. Turnberry Assocs. v. Service Station Aid, Inc., 651 So.2d 1173, 1174 (Fla.1995). Ai arbitrator does not have the authority to award fees absent an express waiver of that right. Id. § 682.11, Fla. Stat. (1995). The contractor’s counsel never waived that right, where he concluded:
I’ve got to go with my practice. My practice is, if fees are permissible and they are awardable, it is for circuit court to decide. I’m not going to walk myself into some appeal on that issue.
Unfortunately, nonetheless that is exactly what occurred. The arbitrator, impermissi-bly under the circumstances, determined the law firm was entitled to attorney’s fees. The circuit judge, not understanding it was his job under Tumberry to make a factual determination of whether a waiver had occurred, simply confirmed the' arbitrator’s decision. Regardless of the contractor’s prospects for success in arguing to the circuit court that its opponent was not entitled to attorney’s fees, the contractor had a statutory right to make its argument in the court.
I would vacate the arbitrator’s determination as to entitlement to fees and remand for the trial judge to hear, consider, and determine, fee entitlement as well as amount. This was the contractor’s statutory right.