696 So.2d 1230 (1997)
GCA, INC., Appellant/Cross-Appellee,
v.
90 S.W. 8TH ST. ENTERPRISES, INC., and Acme Manufacturing, INC., Appellees/Cross-Appellants.
No. 96-2307.
District Court of Appeal of Florida, Third District.
June 4, 1997.
Rehearing Denied July 30, 1997.
*1231 Welbaum, Guernsey, Hingston, Greenleaf & Gregory and John H. Gregory, Coral Gables, for appellant/cross-appellee.
Brenner & Dienstag and Richard M. Brenner, Miami, for appellees/cross-appellants.
Before COPE, GODERICH and FLETCHER, JJ.
GODERICH, Judge.
The parties appeal and cross-appeal from a final order denying their respective motions for attorney's fees. We reverse the main appeal and affirm the cross-appeal.
In September 1993, GCA, Inc. [GCA], a general contractor, filed suit in circuit court against 90 S.W. 8th St. Enterprises, Inc. [Enterprises] to foreclose a construction lien, for breach of contract, and for quantum meruit. In its prayer for relief, GCA sought damages plus interest, costs, and reasonable attorney's fees. The defendant filed a motion to dismiss or, in the alternative, to stay the circuit court action pending arbitration in accordance with the parties' underlying contract. Subsequently, the trial court entered an agreed order directing the parties to arbitration and staying the circuit court proceedings.
GCA then filed a Demand for Arbitration with the American Arbitration Association [AAA] to which it attached a copy of its complaint in the circuit court action. In the demand, GCA described the damages sought as follows:
CLAIM OR RELIEF SOUGHT: (Amount, if any)
Approximately $23,500.00, plus early completion bonus, plus costs, interest, and attorney's fees. A copy of the complaint filed in Dade County Circuit Court is attached as Exh. "B."
Enterprises answered the demand and denied owing GCA any money. Instead, Enterprises claimed that it was entitled to damages from GCA and requested attorney's fees and costs.
In May 1995, the cause proceeded to arbitration where the arbitrator awarded GCA $20,020.00 for final payment on the contract and in satisfaction of the lien. The award directed the parties to split the AAA administrative fee and stated that "This AWARD is in full settlement of all claims submitted to this arbitration." The arbitration award made no reference to attorney's fees.
Subsequently, in circuit court, GCA filed a motion to confirm the arbitration award. In the motion, GCA requested that the court "retain jurisdiction for entry of a Final Judgment of Foreclosure, to address the attorney's fees and costs issues and all other outstanding matters." In response, Enterprises filed a motion in opposition to the entry of final judgment seeking an award of attorney's fees and costs pursuant to section 57.105, Florida Statutes (1993). Subsequently, the trial court entered an order confirming the arbitration award and retaining jurisdiction "to address all pending motions and all matters necessary for the full and complete adjudication of this action...."
In February 1996, Enterprises filed a motion for partial summary judgment and for attorney's fees. In March 1996, GCA filed a motion for summary judgment contending that it was entitled to attorney's fees under paragraph 21.6 of the contract[1] and pursuant to Florida's Construction Lien Law. § 713.29, Fla. Stat. (1993).[2]
After considering the parties' arguments, the trial court denied GCA's motion and granted Enterprises' motion, in part. The trial court found that GCA, by requesting attorney's fees in its demand for arbitration, *1232 and Enterprises, by requesting attorney's fees in its answer to the demand for arbitration, had agreed to submit and did submit the attorney's fees issue to the arbitrator, thereby waiving GCA's right to have the circuit court decide the attorney's fees issue. Additionally, the trial court found that there was not a complete lack of justiciable issue in fact or law with regard to GCA's motion for summary judgment and that therefore, Enterprises was not entitled to attorney's fees pursuant to section 57.105. Subsequently, GCA's motion for rehearing was denied, as was, Enterprises' motion for attorney's fees pursuant to section 57.105. GCA's appeal, and Enterprises' cross-appeal follow.
GCA contends that the trial court erred by denying its request for attorney's fees based on the trial court's finding that the parties had waived their right to have the circuit court decide the attorney's fees issue by agreeing to submit and by submitting the attorney's fees issue to the arbitrator. GCA argues that the parties have a statutory right, pursuant to the Florida Arbitration Code, section 682.11, Florida Statutes (1993), to have the circuit court decide the attorney's fees issue unless the parties agree or stipulate to expressly waive their statutory right and confer jurisdiction upon the arbitrator to award the fees. Further, GCA contends that there was not sufficient substantial, competent evidence to support the lower court's finding that there was such an agreement expressly waiving the parties' statutory right. We agree.
Section 682.11 reads as follows:
Fees and expenses of arbitration.  Unless otherwise provided in the agreement or provision for arbitration, the arbitrator's and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.
Initially, this statute was interpreted by the Fourth District Court of Appeal to mean that "[t]he proper place to determine the entitlement to and amount of attorney's fees authorized by statute or contract is in the circuit court upon application for confirmation of the award." Loxahatchee River Envtl. Control Dist. v. Guy Villa & Sons, Inc., 371 So.2d 111 (Fla. 4th DCA 1978), cert. denied, 378 So.2d 346 (Fla.1979). Later, in Pierce v. J.W. Charles-Bush Securities, Inc., 603 So.2d 625, 631 (Fla. 4th DCA 1992), the Fourth District receded from its holding in Loxahatchee and held "that the parties to an arbitration agreement may confer jurisdiction on the arbitration panel to decide entitlement to attorney's fees and assess the agreed fee." Subsequently, in Turnberry Associates v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995), approving 629 So.2d 204 (Fla. 3d DCA 1993), the Florida Supreme Court agreed with the Fourth District's construction of section 682.11 in Pierce and concluded that "[u]nder section 682.11, ... the parties continue to have the right to have the issue of attorney's fees decided in court if they wish. The arbitrator has no authority to award fees absent an express waiver of this statutory right." Turnberry, 651 So.2d at 1175 (emphasis added).
In the instant case, the issue before us is whether there was an express waiver of the statutory right to have the circuit court determine the issue of attorney's fees. Although the term "express waiver" was not specifically defined by the Turnberry court, we review the circumstances under which Florida courts have found an express waiver.
In Pierce, the parties stipulated on the record during the course of arbitration that the arbitrators would also determine the issue of entitlement to attorney's fees. Pierce, 603 So.2d at 626. In Turnberry, the Florida Supreme Court approved the arbitrator's award of attorney's fees where the trial court's factual finding that the parties had agreed to permit the arbitrator to decide the issue of attorney's fees was based on substantial, competent evidence. Turnberry, 651 So.2d at 1175. Lastly, in Paston & Coffman, M.D.S., P.A. v. Katzen, 610 So.2d 512, 513 (Fla. 4th DCA 1993), the Fourth District upheld the arbitrator's award of attorney's fees where the arbitrators made "a very specific finding that the parties and counsel for appellant did stipulate, in the course of arbitration proceedings, that the arbitrator could make all determinations and findings on issues raised `including the entitlement *1233 and quantum for attorney's fees.'" In summary, all of these cases demonstrate that, in order for an express waiver to be found, there must be either a stipulation during the course of arbitration or a specific finding based on substantial, competent evidence that the parties agreed to submit the attorney's fees issue to the arbitrator.
In the instant case, the trial court found that the parties had waived their right to have the circuit court decide the attorney's fees issue. Specifically, the trial court found that GCA had agreed to submit the attorney's fees issue to the arbitrator by requesting attorney's fees in its demand for arbitration, that Enterprises had agreed to submit the attorney's fees issue to the arbitrator by requesting attorney's fees in its answer to the demand for arbitration, and that the parties did, in fact, submit the attorney's fee issue to the arbitrator. It is this last finding with which we disagree. A careful review of the record reveals that this last finding is not supported by competent, substantial evidence.
First, in contrast to the cases discussed above, there was neither an oral nor a written stipulation indicating the parties' agreement to submit the issue of attorney's fees to the arbitrator. Second, neither party evidenced an intent to present the attorney's fees issue to the arbitrators because neither party submitted the names of expert witnesses who would testify on the issue of attorney's fees, neither party raised the issue of attorney's fees at arbitration, and neither party presented any witnesses as to the issue of attorney's fees at arbitration. Lastly, the arbitration award did not specifically indicate that the attorney's fees issue had been considered. Therefore, although both parties did include a prayer for attorney's fees in their pleadings at arbitration, we find that this was not sufficient substantial, competent evidence to support a finding of an express waiver. Accordingly, we reverse the trial court's denial of GCA's motion for attorney's fees and remand for further proceedings consistent with this opinion.
With regard to the cross-appeal, Enterprises argues that the trial court erred by denying its motion for attorney's fees pursuant to section 57.105, where the circuit court action was frivolous because paragraph 10.8 of the parties' contract required that "all claims or disputes ... arising out of or relating to the Contract, or the breach thereof, shall be decided by arbitration...."[3]
GCA responds by arguing that its circuit court action was not frivolous because the filing of the foreclosure action was necessary to protect its mechanic lien rights. GCA explains that in order to perfect a construction lien, a lien claimant must commence its action in state court within one year of recording its claim of lien. On this basis, we find that the trial court properly concluded that there was no absence of justiciable issue and properly denied Enterprises' motion for attorney's fees.
Affirmed, in part; reversed, in part, and remanded.
NOTES
[1] Paragraph 21.6 of the parties' contract reads as follows:

In the event there is any arbitration or litigation arising out of, or in any way relating to this Agreement or the subject matter thereof, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs including those incurred in conjunction with appellate proceeding.
[2] Section 713.29 provides as follows:

Attorney's fees.  In any action brought to enforce a lien or to enforce a claim against a bond under this part, the prevailing party is entitled to recover a reasonable fee for the services of his attorney for trial and appeal or for arbitration, in an amount to be determined by the court, which fee must be taxed as part of his costs, as allowed in equitable actions.
[3] Enterprises' reliance on Oakdale Park, Ltd. v. Byrd, 346 So.2d 648 (Fla. 1st DCA 1977), in support of this argument is misplaced. Oakdale deals with a former version of the Construction Lien Law that precluded prevailing party attorney's fees for services provided for arbitration.