937 So.2d 282 (2006)
Alan Z. APPELBAUM, Appellant,
v.
Peter FAYERMAN and Don Raab, Appellees.
No. 4D05-4106.
District Court of Appeal of Florida, Fourth District.
September 13, 2006.
*283 Daniel S. Newman, P.A., and Cynthia Morales of Broad and Cassel, Miami, for appellant.
Mark H. Muller and Michael H. Schaalman of Quarles & Brady LLP, Naples, for appellee, Peter Fayerman.
GROSS, J.
The issue in this case is whether the parties to an arbitration expressly waived their right to have a court decide the issue of attorney's fees. We hold that there was no express waiver and reverse the order of the circuit court denying attorney's fees.
Appellee, Peter Fayerman, filed a claim in arbitration against his former bond broker, appellant Alan Appelbaum. The statement of claim alleged various legal theories of misconduct and requested an award of attorney's fees under section 517.211(6), Florida Statutes (2004), which provides that "[i]n any action brought under this section, including an appeal, the court shall award reasonable attorneys' fees to the prevailing party unless the court finds that the award of such fees would be unjust."
In the arbitration proceeding, Appelbaum filed an answer, affirmative defenses, and counterclaim. He also sought attorney's fees under section 517.211(6).
The three-member arbitration panel conducted a six-day evidentiary hearing. During closing argument, Appelbaum's lawyer argued that his client was "entitled to attorney's fees on 517."
The arbitration panel denied all of Fayerman's claims against Appelbaum. The order stated, "[a]ny and all claims for relief not specifically addressed herein, including Claimant Fayerman's claims and Claimants'[[1]] request for punitive damages, are denied." The award did not specifically mention attorney's fees with respect to Appelbaum.
In the circuit court, Appelbaum sought to confirm that portion of the arbitration award denying Fayerman's claims; he also sought an award of attorney's fees as the prevailing party on Fayerman's Chapter 517 causes of action. The circuit court confirmed that portion of the arbitration award denying Fayerman's claims. However, the court denied Appelbaum's request for attorney's fees, ruling that "based on the pleadings and transcripts of the closing argument submitted, the right of the parties to have the issue of attorneys' fees determined by the Court was submitted to the arbitration panel by agreement and if not, that right was expressly waived by the parties, who submitted the issue to the arbitration panel."
The supreme court has held that under section 682.11, Florida Statutes (2004), an arbitrator "has no authority to award [attorney's] fees absent an express waiver of [the] statutory right" to "have the issue of attorney's fees decided in court. . . ." Turnberry Assocs. v. Serv. Station *284 Aid, Inc., 651 So.2d 1173, 1175 (Fla. 1995); see Charbonneau v. Morse Operations, Inc., 727 So.2d 1017, 1020 (Fla. 4th DCA 1999); D.H. Blair & Co., Inc. v. Johnson, 697 So.2d 912, 914 (Fla. 4th DCA 1997). In Turnberry, we believe that the supreme court used the term "express" as it is used in the field of contracts; a waiver or agreement is "express" when it "is arrived at by words, oral or written . . . ." Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co., 695 So.2d 383, 385 (Fla. 4th DCA 1997). This means that under Turnberry there can be no waiver implied in fact; a court cannot "examine and interpret the parties' conduct to give definition to their unspoken agreement." Id. As the third district has observed, for there to be an "express waiver" under Turnberry, "there must be either a stipulation during the course of arbitration or a specific finding based on substantial, competent evidence that the parties agreed to submit the attorney's fees issue to the arbitrator." GCA, Inc. v. 90 S.W. 8th St. Enters., Inc., 696 So.2d 1230, 1233 (Fla. 3d DCA 1997). Of course, evidence of the parties' agreement may well be, as Judge Klein's concurring opinion points out, that the arbitrator took evidence from the parties and awarded or denied fees.
In this case there was neither an on-the-record stipulation that the arbitrators would determine the issue of attorney's fees, see Pierce v. J.W. Charles-Bush Sec., Inc., 603 So.2d 625, 626 (Fla. 4th DCA 1992), nor was there substantial, competent evidence to support the circuit court's finding of an express waiver. The only record evidence of an express waiver was the parties' requests for attorney's fees in their arbitration pleadings and Appelbaum's brief reference in closing argument that chapter 517 entitled his client to attorney's fees. Faced with similar evidence, Blair and Charbonneau held that no Turnberry express waiver occurred.
Blair involved an arbitration award in a securities case similar to the one here at issue. In Blair, both parties submitted claims for attorney's fees to the arbitration panel and "executed an NASD uniform submission agreement stating that the parties would abide by any arbitration award." Id. at 913. The arbitrators awarded the claimant damages and "attorney's fees in an amount to be determined by a court of competent jurisdiction." Id. The respondent moved to vacate the portion of award ordering them to pay attorney's fees arguing that the "arbitrators exceeded their powers in determining [the claimant's] entitlement to fees." Id. The trial court confirmed the award, awarding the claimant fees. Id.
This court "agree[d] with the [respondent's] argument that the arbitration panel did not have authority under Florida law to award fees[,]" concluding that "the supreme court has expressly limited its holding that the parties may voluntarily agree to submit an attorney's fees issue to an arbitration panel to an express agreement." Id. at 914 (citing Turnberry, 651 So.2d at 1173-75). Blair supports the conclusion that implications from the parties' conduct cannot form an express waiver of the right to have a court determine the issue of attorney's fees incurred in arbitration.
In Charbonneau, both parties discussed the issue of attorney's fees in their arbitration pleadings. 727 So.2d at 1019. The claimant's attorney recognized that "the arbitrator can decide the issue if both parties agree" and then indicated that he had "no objection to that arrangement." Id. After the arbitrator denied his request for attorney's fees, the claimant's attorney sought an award of fees from the circuit court. Id. The circuit court denied attorney's fees. Id. at 1021. We reversed, *285 concluding that the actions of the claimant's attorney "did not constitute an express waiver by either express stipulation or by a specific finding based on substantial competent evidence that the parties agreed to submit the attorney's fee issue to the arbitrator." Id. This case offers less evidence of an express waiver than Charbonneau.
We reject Fayerman's argument that the arbitration award was deficient for failing to specify the prevailing party. The award denied all of Fayerman's claims, including the Chapter 517 claim. Appelbaum thus prevailed on all legal theories that Fayerman asserted. This is not a case where a plaintiff brought a claim under several theories and the arbitration award fails to specify the basis for recovery. Cf. Moser v. Barron Chase Sec., Inc., 783 So.2d 231, 232, 236 (Fla.2001).
We reverse the order denying attorney's fees and remand to the circuit court for determination of fees under section 517.211(6).
WARNER, J., concurs.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
I agree with the result reached by the majority, but the opinion appears to require more for a waiver than I believe is necessary under Turnberry Associates v. Service Station Aid, Inc., 651 So.2d 1173 (Fla.1995). I am specifically referring to the following statement in the seventh paragraph of the majority opinion:
In Turnberry, we believe that the supreme court used the term "express" as it is used in the field of contracts; a waiver or agreement is "express" when it "is arrived at by words, oral or written. . . ." Commerce P'ship 8098 Ltd. v. Equity Contracting Co., Inc., 695 So.2d 383, 385 (Fla. 4th DCA 1997). This means that under Turnberry there can be no waiver implied in fact; a court cannot "examine and interpret the parties' conduct to give definition to their unspoken agreement." Id.

In my opinion, if a party does not object when the arbitrator takes evidence as to attorney's fees and awards or denies fees, it could be found by the court to be a waiver. The language I rely on from Turnberry is:
Notwithstanding our ruling today, we will continue to permit trial courts, in the event a dispute arises, to enjoy exclusive jurisdiction to resolve the factual issue of whether the parties have waived their statutory right to have the court decide the fee issue. Under section 682.11, as previously construed by this Court, the parties continue to have the right to have the issue of attorney's fees decided in court if they wish. The arbitrator has no authority to award fees absent an express waiver of this statutory right.
Turnberry argues that in this case there was neither an oral nor written stipulation by the parties to permit the arbitrator to enter an award of attorney's fees. However, as the Third District Court noted, and we agree, the trial court made a factual finding that the parties had agreed to permit the arbitrator to decide the issue of attorney's fees.
Id. at 1175. I believe the above language allows a trial court to make a factual finding that, by conduct, a party waived the statutory right to have the court decide the fee. Otherwise there was no need for the court to include this language.
I therefore agree with Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 751 So.2d 143 (Fla. 1st DCA 2000), in which the arbitrator awarded attorney's *286 fees under section 448.08, Florida Statutes (1993) in a claim for unpaid wages. Although the employer had objected to the claim for attorney's fees on the ground that section 448.08 did not apply, the employer did not object to the jurisdiction of the arbitrator to award fees in the absence of a waiver. The employer first raised the jurisdictional argument in the circuit court, and the circuit court vacated the fee award. The first district reversed, holding that under Turnberry
no "express agreement" devoted exclusively to the question of attorney's fees is necessary, and the parties may, by their actions, filings, and submissions, expressly waive their right to insist that only a court decide the issue of attorney's fees.
Id. at 149. The Cassedy panel disagreed with our decision in D.H. Blair & Co., Inc. v. Johnson, 697 So.2d 912 (Fla. 4th DCA 1997), because Blair appears to require a separate written agreement waiving the right to have a circuit court determine attorney's fees.
I do agree with the result reached by the majority in this case because merely requesting attorney's fees in claims or responses in arbitration is insufficient to constitute a waiver. GCA, Inc. v. 90 S.W. 8th St. Enters., Inc., 696 So.2d 1230 (Fla. 3d DCA 1997). There was no evidence in this case from which a waiver could be found under Turnberry.
NOTES
[1] Fayerman's father-in-law, Don Raab, was also a claimant against Appelbaum in claims distinct from Fayerman's. The panel found Appelbaum liable to Raab and awarded attorney's fees "in an amount to be determined by a court of competent jurisdiction." The claims involving Raab are not at issue in this appeal.