George POWELL, et al., Plaintiffs,

v.

CAREY INTERNATIONAL, INC., et al., Defendants.

Oscar Perez, et al., Plaintiffs,

v.

Carey International, Inc., et al., Defendants.

Nos. 05–21395CIV, 06–22225CIV.

United States District Court, S.D. Florida.

April 30, 2008.

Chris Kleppin, Harry O. Boreth, Glasser, Boreth & Kleppin, Plantation, FL, for Plaintiffs.

Alexander del Russo, Kristy M. Johnson, Patricia H. Thompson, and Michael A. Shafir, of Carlton Fields, P.A., Miami, FL, for Defendants.

*ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR RECONSIDERATION AND SETTLING DEFENDANTS' MOTION FOR LEAVE TO DEPOSIT JUDGMENT AMOUNT IN COURT REGISTRY AND FOR AN ORDER DIRECTING THE CLERK OF COURT TO RECORD SATISFACTION OF JUDGMENTS*

SEITZ, District Judge.

THIS CAUSE is before the Court on Defendants' Motion for Reconsideration of Order Granting Defendants' Motions to Sever Claims and Compel Arbitration in Both *Powell* and *Perez* [*Powell*, DE 536; *Perez*, 113] and Defendants' Motion for Leave to Deposit Judgment Amounts in Court Registry, and for an Order Directing the Clerk of Court to Record Satisfaction of Judgments in *Powell* [*Powell*, DE 567], which were addressed at the April 25, 2008 hearing.[1] In its November 15, 2006 Order, entered in both *Powell* and *Perez*, the Court granted Defendants' motion and severed and stayed pending arbitration the claims of certain Plaintiffs who had executed arbitration agreements.[2] After severing the claims, the Court stated that it shall "retain[ ] jurisdiction over the claims of the Arbitration Plaintiffs to consider timely motions to enforce or confirm any arbitral award."[3] Notwithstanding having been granted the relief that they sought, Defendants now move, over 14 months later, for reconsideration of the Court's Order arguing that the Court should have retained jurisdiction over any potential settlement reached in arbitration and/or any future award of attorneys' fees. Defendants also seek to deposit the cost and fees judgments in *Powell* into the Court's registry and have satisfaction of judgments entered to cutoff the accrual of interest on such judgments. Having reviewed the motions, the responses thereto, the entire factual record and the relevant legal authorities, Defendants' motions for reconsideration are granted in part and denied in part as the Court shall retain jurisdiction to approve and enforce any settlement reached in arbitration, but holds that the cost and fees issues are subject to arbitration.

Additionally, the parties settled the satisfaction of judgment issues at the August 25, 2008 hearing. No later than May 12, 2008, Defendants shall re-tender the check in payment of the two judgments for attorneys' fees and costs in *Powell* and Plaintiffs shall execute revised satisfactions of these judgments to reflect that the satisfactions in no way affect the parties' cross-appeals of these two judgments pursuant to *Perez v. Sanford–Orlando Kennel Club, Inc.*, 518 F.3d 1302, 1307–08 (11th Cir. 2008). If the parties do not complete this exchange by the Court-imposed deadline,

---

1. *"Powell"* shall refer to *Powell v. Carey International,* case no. 05–21395–Civ–Seitz and *"Perez"* shall refer to *Perez v. Carey International,* case no. 06–22225–Civ–Seitz.

2. In *Powell,* the Court severed and stayed the Fair Labor Standards Act ("FLSA") overtime claims of Plaintiffs Nick Andrade, Enrique Baldwin. Tomas Gonzalez, Alvin J. Harvard, Dimitre Karaboytchev, Alan Leavitt, Julio

Peon and Julio Tejera; and in *Perez,* the Court severed and stayed the FLSA retaliation claims of Plaintiffs Karaboytchev, Gonzalez, Andrade and Leavitt. (*See Powell,* DE 240; *Perez,* DE 31.) These Plaintiffs shall hereinafter be termed the "Arbitration Plaintiffs."

3. The relevant arbitration agreements are governed by Florida law. (*See* DE 240 at 5–7.)

then the Defendants may deposit the funds in the Court registry and the Clerk of Court shall issue satisfactions of these judgments consistent with the proviso that they do not prejudice the cross-appeals of these judgments.

## *ANALYSIS*

### A. Motion for Reconsideration

Defendants move under Fed.R.Civ.P. 60(a) claiming that the Court made an oversight when it did not retain sufficient jurisdiction over the claims of the severed Arbitration Plaintiffs. Defendants' motions present two issues for review: (1) whether the Court should retain jurisdiction to enforce any settlement reached during the arbitration proceedings; and (2) whether the Court is required to resolve fee applications where the FLSA statutory claims have been compelled to arbitration. These two issues shall be addressed below.

■■■ Under *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA can only be settled or compromised in one of two ways: a supervised payment by the Secretary of Labor or a court-approved settlement of a private action. Parties seeking to compromise an FLSA claim with the supervision of the district court must present the proposed settlement to the district court to accept or reject after scrutinizing it for fairness. Here, because the Court previously stated that it would "retain[ ] jurisdiction over the claims of the Arbitration Plaintiffs to consider timely motions *to enforce or confirm any arbitral award,*" Defendants ask the Court to also retain jurisdiction to approve and enforce any settlement reached prior to the arbitral panel's decision. Plaintiffs do not ar-

ticulate any reason why the Court should not retain jurisdiction for the limited purpose of approving and enforcing a settlement reached prior to the completion of arbitration. Rather, Plaintiffs' concern relates solely to the issue of costs and attorneys' fees regarding the arbitrated claims. Thus, the Court shall retain jurisdiction to approve and enforce any settlement reached in arbitration in addition to any arbitral award.

■■■ As to the attorneys' fees issue, Defendants argue that under Fla. Stat. § 682.11,[4] arbitrator's have no authority to award attorneys' fees. Under Florida law and subsequent court interpretations, parties to an arbitration proceeding have the right to have the issue of attorney's fees decided by a court as opposed to the arbitrator, unless they have expressly waived this statutory right. Fla. Stat. § 682.11; *Turnberry Assocs. v. Service Station Aid, Inc.,* 651 So.2d 1173 (Fla.1995) ("*Turnberry*"). In *Turnberry,* the Florida Supreme Court used the term "express" as it is used in the field of contracts, i.e., a waiver or agreement is "express" when it "is arrived at by words, oral or written. . . ." *Appelbaum v. Fayerman,* 937 So.2d 282, 283 (Fla. 4th DCA 2006) (citing *Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.,* 695 So.2d 383, 385 (Fla. 4th DCA 1997)). For there to be an "express waiver" under *Turnberry,* "there must be either a stipulation during the course of arbitration or a specific finding based on substantial, competent evidence that the parties agreed to submit the attorney's fees issue to the arbitrator." *GCA, Inc. v. 90 S.W. 8th St. Enters., Inc.,* 696 So.2d 1230, 1233 (Fla. 3d DCA 1997) ("*GCA*"). However, no "express agreement" devoted

---

4. Section 682.11 states:

 Unless otherwise provided in the agreement or provision for arbitration, the arbitrators' and umpire's expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.

exclusively to the question of attorneys' fees is necessary, and the parties may, by their actions, filings, and submissions, expressly waive their right to insist that only a court decide the issue of attorney's fees. *Cassedy v. Merrill Lynch, Pierce, Fenner & Smith,* 751 So.2d 143, 149 (Fla. 1st DCA 2000) (holding that the parties had waived their right to have a court decide attorney's fees because both parties had made claims for attorney's fees in arbitration and the arbitral panel had granted an award of attorneys' fees). In the event a dispute arises, trial courts enjoy exclusive jurisdiction to resolve the factual issue of whether the parties have waived their statutory right to have the court decide the fee issue. *Turnberry,* 651 So.2d at 1175.

In this case, as the Court found in its November 15, 2006 Order, the parties expressly agreed to arbitrate all disputes, specifically including "statutory" claims. (*See* DE 240 (holding that the parties agreed to arbitrate all statutory claims in all three categories of agreements.)) Furthermore, because attorneys' fees and costs are components of the relief provided for in the FLSA (*see* 29 U.S.C. § 216(b)), the issue of attorney's fees and costs is necessarily included within the scope of a statutory claim. Thus, the parties expressed agreement to arbitrate Plaintiffs' statutory claim, which includes costs and attorneys' fees. Moreover, the parties' papers reveal that they too believed fees and costs applications were subject to arbitration. Defendants did not immediately object to Plaintiffs' inclusion of a claim for attorneys' fees in their "Demand for Arbitration."[5] (See *Powell* DE 539, Ex. 2 ¶ 99.) In fact, in their Answer to Andrade's Demand for Arbitration, filed eight months later, rather than expressly deny

Plaintiffs' entitlement to have the arbitrator rule on fees, the Defendants stated that they were "unable to answer the allegations of paragraph 99 at this time and therefore deny the same." (*see Powell* DE 539, Ex. 3 ¶ 99.) Moreover, in paragraph 120 of their Answer, the Defenses and Affirmative Defenses section. Defendants make their own claim for fees, stating "[t]o the extent [Andrade] or his attorneys know or have reason to know that any of the claims in this action are groundless or could be settled and they continue to litigate them, [Defendants] are entitled to their attorneys' fees and costs for defending such claims." Notably, Defendants did not address the reasons for the inclusion of such request in their reply brief. If they had believed that the attorneys' fees issue was not before the arbitrator, why did they request them? More importantly, why did they wait so long to ask for reconsideration of the Order that granted their request for severance of all statutory claims? The Defendants' new found position has the taint of disingenuousness.

Accordingly, Defendants' motion for reconsideration will be granted in part and denied in part. The November 15, 2006 Order will be amended to retain jurisdiction to approve and enforce any settlement of all claims, including attorneys' fees and costs, as well as any arbitral award, consistent with the requirements of *Lynn's Food Stores, Inc.* All attorneys' fees and cost applications related to the severed Arbitration Plaintiffs are to be decided by the arbitrator.

**B. Motion for Leave to Deposit Judgment Amounts in Court Registry**

 As to Defendants' motion to deposit the judgment amounts in the Court regis-

---

**5.** In paragraph 99 of Plaintiff Andrade's Demand for Arbitration, it states: "Andrade is entitled to his reasonable attorneys' fees if he is the prevailing party." The Court relies on Plaintiffs' representation that the Demanda for Arbitration and the Answer's thereto contain identical language as it relates to attorneys' fees.

try and have the Clerk of Court issue satisfactions of judgment, such motion has been settled. Both parties' mutual intent is to appeal the final judgments on costs and attorneys' fees. Therefore, Plaintiffs acceptance of the judgment amounts or the placement of such amounts in an escrow account controlled by the Plaintiff, is not an accord and satisfaction and will not moot the Eleventh Circuits' jurisdiction over such appeals. *See Perez*, 518 F.3d at 1307–08 (holding that the parties' objective manifestations of their intent is the most important factor in determining if an appeal should be mooted). Moreover, to ensure the parties' intentions are recorded, the parties shall be directed to amend the current satisfactions of judgments (*see* DE 567, Ex. A) to reflect that Plaintiffs preserve their rights to appeal both the cost and attorneys' fees judgments in this action.

ORDERED that

(1) Defendants' Motion for Reconsideration of Order Granting Defendants' Motions to Sever Claims and Compel Arbitration in Both *Powell* and *Perez* [*Powell*, DE 536; *Perez*, 113] is GRANTED IN PART AND DENIED IN PART.

(2) The November 15, 2006 Order is amended such that the Court retains jurisdiction to approve and enforce any settlement reached in arbitration as well as any arbitral award.

(3) The Court shall not entertain any applications for costs or fees regarding the Arbitration Plaintiffs, unless for the purposes of enforcing an arbitral award regarding such.

(4) Defendants' Motion for Leave to Deposit Judgment Amounts in Court Registry, and for an Order Directing the Clerk of Court to Record Satisfaction of Judgments in *Powell* [*Powell*, DE 567] is SETTLED.

(5) By **May 12, 2008**, Defendants shall re-tender the check in payment of the two judgments for attorneys' fees and costs in *Powell* and Plaintiffs shall execute revised satisfactions of these judgments to reflect that the satisfactions in no way affect the parties' cross-appeals of these two judgments.

(6) If the parties do not complete this exchange by May 12, 2008, then the Defendants may deposit the funds in the Court registry and the Clerk of Court shall ISSUE satisfactions consistent with the proviso that they do not prejudice the cross-appeals of these judgments.