PER CURIAM.
The appellants challenge the trial court’s denial of their petition to confirm arbitration award and to award prevailing party-attorneys’ fees.[1] The trial court denied the petition after finding the appellants waived their right to have the court determine the fees issue. Because the parties did not stipulate to the arbitration panel deciding the issue of attorneys’ fees, and there was no competent, substantial evidence supporting the trial court’s determination that the appellants expressly waived their right to have the trial court decide the issue, we reverse and remand for further proceedings.
The appellants sought attorneys’ fees pursuant to section 517.211(6), Florida Statutes (2009), which provides for prevailing party attorneys’ fees in cases involving unlawful securities sales, unless the court finds such an award would be unjust. The court did not make a finding that the appellants were not the prevailing party or that the award of fees would be unjust. Rather, it found that the appellants expressly waived their right to have the court determine the issue of attorneys’ fees. The standard of review is a mixed one, “whereby findings of fact are reviewed under a competent and substantial evidence standard and legal questions are reviewed de novo.” Boyhan v. Maguire, 693 So.2d 659, 662 (Fla. 4th DCA 1997) (citation omitted).
“Unless otherwise provided in the agreement or provision for arbitration, the arbitrators’ and umpire’s expenses and fees, together with other expenses, not including counsel fees, incurred in the conduct of the arbitration, shall be paid as provided in the award.”[2] § 682.11, Fla. Stat. (2009). The language “not including counsel fees” has been interpreted to mean that a court, not an arbitrator, determines the issue of attorney’s fees. See Turnberry Assocs. v. Serv. Station Aid, Inc., 651 So.2d 1173, 1175 (Fla.1995). However, our courts have recognized that parties may agree to put the issue of attorneys’ fees before the arbitrator. See id. (“[T]he parties by agreement may waive their entitlement to have the circuit court decide the issue of attorney’s fees and by doing so may confer subject matter jurisdiction upon an arbitrator to award attorney’s fees,” and “[t]he arbitrator has no authority to award fees absent an express waiver of this statutory right.”); D.H. Blair & Co., Inc. v. Johnson, 697 So.2d 912, 913-14 (Fla. 4th DCA 1997) (recognizing Tumberry’s rule requiring an express waiver).
This court has explained what constitutes an express waiver:
In Tumberry, we believe that the supreme court used the term “express” as it is used in the field of contracts; a waiver or agreement is “express” when it “is arrived at by words, oral or written .... ” Commerce P’ship. 8098 Ltd. P’ship. v. Equity Contracting Co., 695 So.2d 383, 385 (Fla. 4th DCA 1997). This means that under Tumberry there can be no waiver implied in fact; a court cannot “examine and interpret the parties’ conduct to give definition to their unspoken agreement.” Id. As the third district has observed, for there to be an “express waiver” under Tumberry, “there must be either a stipulation dur- *1157 mg the course of arbitration or a specific finding based on substantial, competent evidence that the parties agreed to submit the attorney’s fees issue to the arbitrator.” GCA, Inc. v. 90 S.W. 8th St. Enters., Inc., 696 So.2d 1230, 1233 (Fla. 3d DCA 1997). Of course, evidence of the parties’ agreement may well be, as Judge Klein’s concurring opinion points out, that the arbitrator took evidence from the parties and awarded or denied fees.
Appelbaum v. Fayerman, 937 So.2d 282, 284 (Fla. 4th DCA 2006).
In this case, the appellee does not rely on an on-the-record oral or written stipulation. Instead, it argues that the record contains competent, substantial evidence supporting the trial court’s finding of an express waiver. We disagree. In finding that the parties agreed to submit the issue of attorneys’ fees to the arbitrator, the trial court relied in part on the appellants’ request for attorneys’ fees in their initial arbitration pleadings and amended pleadings. As discussed in Ap-pelbaum, requests for attorneys’ fees in arbitration pleadings are not sufficient evidence of express waiver. Id. at 284. The trial court also relied on the uniform submission agreements entered into by the parties. However, the language of these agreements does not provide evidence of express waiver. See D.H. Blair & Co., 697 So.2d at 914 (language in parties’ arbitration submission agreement that they agreed to submit all controversies or disputes of any kind to arbitration did not amount to express waiver). The trial court also relied on a brief the appellants filed with the arbitrators after the arbitration hearing, but before the award, an affidavit filed by the appellee’s attorney, and the arbitration award. None of these items make it clear that the appellants did anything more than make references to their entitlement to attorneys’ fees. The language used by the arbitrators in the arbitration award does not make it clear that the arbitrators determined the attorneys’ fees issue on the merits. Because there was no oral or written stipulation, and the trial court’s finding of express waiver was not supported by competent, substantial evidence, we reverse and remand for the trial court to entertain the merits of the attorneys’ fees request.

Reversed and remanded for further proceedings.

POLEN, GROSS, JJ., and SHAHOOD, GEORGE A., Senior Judge, concur.

. The petition is purely a vehicle to obtain attorneys’ fees, as the defendant already paid the amount awarded in arbitration.

. The arbitration agreement in the instant case does not provide for arbitration of the attorneys' fees issue.