FERNANDEZ, J.
Juan Carlos Carvajal appeals the trial court’s order denying his petition to vacate or modify a portion of an arbitration award and denying his motion to award attorney’s fees. Because Carvajal did not expressly waive his statutory right to have a court hear attorney’s fees issues pursuant to section 682.11, Florida Statutes (2012), we reverse and remand for the trial court to vacate the portion of the arbitration award that determined entitlement to attorney’s fees. On remand, the trial court shall determine entitlement to attorney’s fees.
Carvajal is a former financial advisor of Banc of America Investment Services (“BAIS”). After BAIS terminated Carva- *394 jal, BAIS submitted a standard form to the Central Registration Depository (“CRD”), in which it cited the reason for termination as “management’s loss of confidence.” The CRD’s records are available to federal and state regulators, brokers and dealers, and the public via the internet.
Carvajal subsequently filed an arbitration proceeding against BAIS pursuant to accepted industry rules. Carvajal believed that the CRD’s form was defamatory and would prevent him from re-employment. He sought damages for his termination, arbitration costs including forum fees and arbitrators’ fees, attorney’s fees, and ex-pungement of the CRD form. BAIS filed a counterclaim for enforcement of a promissory note and also requested attorney’s fees.
The two parties proceeded to a four-day evidentiary hearing. After all witnesses on substantive issues testified, BAIS sought to introduce a witness to testify on the amount of attorney’s fees BAIS incurred. Carvajal stated to the panel that a court of competent jurisdiction, not the arbitrators, should determine the amount of attorney’s fees. BAIS disagreed, contending that the arbitrators had authority to rule on attorney’s fees. The arbitration panel reserved judgment until it could determine whether it actually had authority on the matter.
The arbitrators ultimately awarded Car-vajal $90,000 in compensatory damages, $875 in forum fees, and ordered expungement of the defamatory form on record •with the CRD. The panel also denied BAIS’ counterclaims and determined that neither side was entitled to attorney’s fees.
Carvajal then petitioned the circuit court to vacate or modify the portion of the award that ruled on attorney’s fees, but otherwise to confirm the award. He argued that he was entitled to attorney’s fees, pursuant to section 448.08, Florida Statutes (2012), because he was a successful litigant in an action for unpaid wages. Carvajal also claimed that because he prevailed on BAIS’ counterclaim for enforcement of a promissory note, he should also be entitled to attorney’s fees pursuant to section 57.105(7), Florida Statutes (2012). BAIS asserted that Carvajal expressly waived his right to have a court of competent jurisdiction hear the question of attorney’s fees because his statement of claim contained a request for attorney’s fees. The trial court denied Carvajal’s petition, finding that: 1) the request for attorney’s fees in the ai'bitration statement of claim expressly waived Carvajal’s right for a court of competent jurisdiction to decide the issue of attorney’s fees; 2) by requesting attorney’s fees at arbitration, Carvajal expressly placed that issue with the arbitrators; 3) his belated objection at the end of the arbitration to the arbitrator’s consideration of attorney’s fees did not vitiate Carvajal’s waiver for a court to decide the issue of attorney’s fees; 4) the arbitrators decided the issue of attorney’s fees after consideration of all of the evidence, arguments, and objections; and 5) the arbitrators were in the best position to decide the attorney’s fee issue. The trial court also affirmed the arbitration award.
On a petition to vacate or modify an arbitration award, this Court reviews findings of fact under the competent and substantial evidence standard, and questions of law de novo. RDC Golf of Fla. I, Inc. v. Apostolicas, 925 So.2d 1082, 1091 (Fla. 5th DCA 2006). The Florida Arbitration Code confers on parties a statutory right to have a court determine entitlement to attorney’s fees. Section 682.11 provides that “[u]nless otherwise provided in the agreement or provision for arbitration, the arbitrators’ and umpire’s expenses and fees, together with other expenses, not including counsel *395 fees, incurred in the conduct of arbitration, shall be paid as provided in the award.” § 682. 11, Fla. Stat. (2012) (emphasis added).
The Florida Supreme Court has held that under section 682.11, an arbitrator “has no authority to award [attorney’s] fees absent an express waiver of this statutory right.” Turnberry Assocs. v. Serv. Station Aid, Inc., 651 So.2d 1173, 1175 (Fla.1995) (emphasis added). As we stated in GCA, Inc. v. 90 S.W. 8th St. Enters., Inc., 696 So.2d 1230 (Fla. 3d DCA 1997), “in order for an express waiver to be found, there must be either a stipulation during the course of arbitration or a specific finding based on substantial, competent evidence that the parties agreed to submit the attorney’s fees issue to the arbitrator.” Id. at 1233.
BAIS argues that the record, viewed in totality, contains competent, substantial evidence to support the trial court’s finding of an express waiver. We disagree. In finding that the parties agreed to submit the issue of attorney’s fees to the arbitrator, the trial court relied on Carvajal’s request for attorney’s fees in his initial arbitration statement of claim. However, requests for attorney’s fees in arbitration pleadings are not sufficient evidence of an express waiver. Appelbaum v. Fayerman, 937 So.2d 282, 284 (Fla. 4th DCA 2006); Charbonneau v. Morse Operations, Inc., 727 So.2d 1017, 1021 (Fla. 4th DCA 1999); D.H. Blair & Co., Inc. v. Johnson, 697 So.2d 912, 914 (Fla. 4th DCA 1997). In Appelbaum, as here, there was no on-the-record stipulation that the arbitrators would determine the issue of attorney’s fees — the only record evidence of an express waiver was the parties’ requests for attorney’s fees in their arbitration pleadings. As the Appelbaum court noted, such evidence cannot constitute substantial, competent evidence of an express waiver.
Because the arbitration panel ruled on entitlement to attorney’s fees without Car-vajal’s express waiver, it exceeded its powers. See Turnberry, 651 So.2d at 1175. When “[t]he arbitrators or the umpire in the course of her or his jurisdiction exceeded their powers,” the court is to vacate the award. § 682.13(l)(c), Fla. Stat. (2012). Accordingly, we reverse the trial court’s order denying Carvajal’s motion to vacate and remand with instructions to vacate that portion of the arbitration award that determined entitlement to attorney’s fees. On remand, the trial court shall determine entitlement to attorney’s fees.
Reversed and remanded with instructions.