DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MATERIAL HANDLING SYSTEMS, INC.,**
Appellant,

v.

**UNITED GRANITE PENNA, LLC,** and
**UNITED GRANITE & QUARTZ, INC.,**
Appellees.

No. 4D2025-1187

[May 20, 2026]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Steven Peter DeLuca, Judge; L.T. Case No. 062024CC018104AXXXNO.

Alan Lester Raines and Elizabeth Jimenez of Raines Legal, Boca Raton, for appellant.

Lauren Yevich and Harold Douglas Holder, III, of Bush Ross, P.A., Tampa, for appellees.

FORST, J.

Appellant Material Handling Systems, Inc. ("MHS") appeals from the county court's denial of MHS's petition to be granted its attorney's fees arising from an arbitration. We affirm because the record shows the arbitrator was presented with multiple requests for attorney's fees and made a discretionary decision not to award MHS's attorney's fees.

**Background**

In 2022, MHS entered into two separate contracts with United Granite Penna, LLC, and United Granite & Quartz, Inc. ("Appellees"). Both contracts provided that "any and all disputes between the parties shall be arbitrated before the American Arbitration Association" and that "[c]ustomer shall pay to Material Handling all reasonable attorney's fees and expenses incurred by Material Handling[.]" Accordingly, when the contracts were breached, MHS filed a statement of claim with the American Arbitration Association ("AAA"), including a request for attorney's fees.

Each of MHS's submissions to the arbitrator, including its final hearing memorandum, contained a request for attorney's fees. The arbitration hearings were not transcribed. The final arbitration award was in MHS's favor but did not mention attorney's fees. The award's last paragraph stated that it was "in full settlement of all claims and counterclaims submitted to this Arbitration" and that "[a]ll claims not expressly granted herein are hereby, denied." As for other fees, the award stated that "[t]he administrative fees . . . shall be borne as incurred."

Appellees timely satisfied the award. One month after the award's issuance, MHS brought the underlying action to the county court, petitioning to be awarded attorney's fees arising from the arbitration. The county court denied MHS's petition and granted Appellees' motion to dismiss MHS's petition. MHS filed a motion for rehearing, which the county court denied. This appeal follows.

## Analysis

"The trial court's decision to confirm or vacate the arbitration award is reviewed for an abuse of extremely limited discretion." *Commc'ns Workers of Am. v. Indian River Cnty. Sch. Bd.*, 888 So. 2d 96, 99 (Fla. 4th DCA 2004).

MHS's main contention is that section 682.11, Florida Statutes (2022), requires a trial court to decide the issue of attorney's fees in connection with an arbitration award and an arbitrator cannot decide that issue unless the parties waive this statutory right. However, in 2013, the Florida Legislature amended that section to allow arbitrators to award attorney's fees "if such an award is authorized by law in a civil action involving the same claim or by the agreement of the parties to the arbitration proceeding." § 682.11(2), Fla. Stat. (2022).

MHS is correct that, before the 2013 amendment, we held that for an arbitrator to be able to decide attorney's fees, the parties had to expressly waive their right to have a court determine that issue, and such express waiver required more than mere requests for attorney's fees in the parties' submissions to the arbitrator. *Compare Appelbaum v. Fayerman*, 937 So. 2d 282, 284 (Fla. 4th DCA 2006) (a pre-statutory amendment opinion holding the record must show an on-the-record stipulation or competent substantial evidence to support a finding that the parties expressly waived their right to have a court decide attorney's fees issues); *Raubvogel v. Credit Suisse Sec. (USA) LLC,* 123 So. 3d 1155, 1157 (Fla. 4th DCA 2013) (same), *with Cassedy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 751 So.

2

2d 143, 149 (Fla. 1st DCA 2000) (another pre-amendment opinion, from a sister court, holding that the parties' actions, filings, and submissions in that case equated to an express waiver).

However, all the events giving rise to the present dispute happened in 2022 or later, almost a decade after the 2013 statutory amendment. Contrary to MHS's assertion, no reason exists why section 682.11(2)'s pre-2013 version would apply to these facts. While Florida courts previously recognized attorney's fees as a statutory "carve-out" from arbitrators' authority to award relief, leaving that power exclusively with a trial court unless that right was waived, this is no longer the case after the statutory amendment. Instead, more recent case law recognizes that the arbitrator is permitted to decide attorney's fees issues as long as a statutory or contractual basis exists for recovery of attorney's fees. As held in *Baron v. L.P. Evans Motors WPB, Inc.*, 333 So. 3d 1152 (Fla. 3d DCA 2022):

> Florida's case law interpreting the former version of the statute prescribed that claims for attorneys' fees incurred in an arbitration proceeding were within the exclusive province of trial courts and such claims could be adjudicated only through litigation unless waived by the parties. *See Turnberry Assocs. v. Serv. Station Aid, Inc.*, 651 So. 2d 1173, 1175 (Fla. 1995). Plainly, the Legislature adopted the current version of section 682.11(2)—and included in the provision the permissive "may"—to alter this former prohibition and specifically to allow an arbitrator to adjudicate an attorneys' fee claim, so long as the claim is premised on a statute or contract authorizing the entitlement to fees. Put another way, contrary to prior law, an arbitrator may now award fees, so long as the fee claim is authorized by contract or statute. We do not read the statute's inclusion of the word "may" to negate an arbitration agreement's language and allow a party to elect to have its fee claim *either* litigated or arbitrated.
>
> We reverse the final judgment awarding attorneys' fees and costs to L.P. Evans because the parties plainly agreed to arbitrate, rather than to litigate, all disputes and claims arising out of the parties' contractual arrangement. Because L.P. Evans's claim for attorneys' fees and costs arose out of that arrangement, it was subject to arbitration.

*Id.* at 1156-57; *see also Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts* 112 (1st ed. 2012) ("Mandatory words impose a duty; permissive words grant discretion. The traditional,

commonly repeated rule is that *shall* is mandatory and **may is permissive.”**) (emphasis added).

We agree with our sister court's reasoning. Here, MHS elected to arbitrate its claims pursuant to a clause in its contracts with Appellees and included a request for attorney's fees in all filings to the arbitrator. This is incompatible with MHS's belated assertion that it intended to have a trial court decide attorney's fees.

On appeal, MHS argues that, "most importantly, the arbitration award did not specifically indicate that the attorneys' fees issue had been considered." This confusion on MHS's part is understandable, and the legislature created a process to follow in such a situation. Pursuant to section 682.10, Florida Statutes (2022), the parties had the ability to make a motion to the arbitrator to: (1) "modify or correct an award [b]ecause the arbitrator has not made a final and definite award upon a claim submitted by the parties to the arbitration proceeding," § 682.10(1)(b), Fla. Stat. (2022); or (2) "clarify the award," § 682.10(1)(c), Fla. Stat. (2022). MHS failed to pursue either option. Instead, MHS brought this case to the county court in an impermissible attempt to circumvent the arbitration process (which MHS had elected) because MHS disliked part of the arbitrator's ruling.

**Conclusion**

Like the parties in *Baron*, MHS "plainly agreed to arbitrate, rather than to litigate, all disputes and claims arising out of the parties' contractual arrangement." 333 So. 3d at 1157. Thus, MHS's attorney's fees claim was subject to arbitration and was denied when the arbitrator ruled, "[a]ll claims not expressly granted herein are hereby, denied." As noted above, the arbitrator had statutory and contractual authority to award the attorney's fees which MHS requested, but the arbitrator chose not to. Rather than pursue modification, correction, or clarification through the designated process for parties traveling in the arbitration lane, MHS attempted to change lanes to the trial court lane.[1] Accordingly, the trial court appropriately denied MHS's petition for attorney's fees and granted Appellees' motion to dismiss MHS's petition.

*Affirmed.*

---

[1] Chapter 682 sets forth three bases whereby a party that has received notice of an arbitration award may seek "[m]odification or correction of award" from the trial court. § 682.14(1), Fla. Stat. (2022). MHS's petition does not assert any of these bases.

KUNTZ, C.J., and MAY, J., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***